UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBYN KRAVITZ, *et al.*<br><br>            Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*<br><br>            Defendants. | Case No. 18-cv-01041 |

**JOINT STATUS REPORT REGARDING PROPRIETY OF
SUMMARY JUDGMENT MOTIONS**

On September 7, 2018, the Court entered a scheduling order in which it directed the parties to submit a status report on November 2, 2018. *See* Dkt. 57 at 1. Two days earlier, on a telephonic status conference to discuss the parties' proposed scheduling order, the Court indicated that the status report should be used to advise the Court on the parties' views regarding the propriety and scope of summary judgment motions.

Upon conferring, the parties have been unable to resolve their disagreements. The parties' respective positions are stated below.

**Plaintiffs' Position**

Plaintiffs respectfully request a status conference with the Court during the week of November 5 for guidance on how the parties should proceed with respect to summary judgment motions before needlessly consuming the Court's time and resources with extensive pre-trial briefing and argument. As detailed below, Plaintiffs do not believe that the issues in this case can be resolved on summary judgment. Defendants, meanwhile, do not actually intend to move for summary judgment on the basis of the full record that has been developed in the case. Rather,

they intend to seek summary judgment on the ground that the Court is limited to considering only the administrative record. Given Defendants' propensity in the New York census cases for filing eleventh-hour interlocutory petitions for appellate review of pre-trial rulings and seriatim requests to stay proceedings, there is a clear risk that Defendants will seek to leverage a pre-trial summary judgment ruling to delay a final judgment on the merits of their claims until it is simply too late for Plaintiffs to obtain effective relief. To ensure the efficient resolution of the case and avoid piecemeal rulings and seriatim appeals that could prevent Plaintiffs from securing timely relief, Plaintiffs urge the Court to consider these issues together as part of the scheduled trial in this action—just as the Court presiding over parallel census cases in the Southern District of New York is doing. *See State of New York et al. v. United States Department of Commerce et al.*, No. 1:18-cv-02921, Dkt. 363 (S.D.N.Y. Sept. 30, 2018).

Plaintiffs' position is that summary judgment motions are inappropriate here, because disputed issues of material fact requiring a trial clearly exist and burdensome briefing and adjudication of detailed pretrial motions will waste, not save, time and judicial resources. In the New York census cases, Judge Furman has already determined that trial is "necessary to resolve the claims in this case," *State of New York et al. v. United States Department of Commerce et al.*, No. 1:18-cv-02921, Dkt. 363 (S.D.N.Y. Sept. 30, 2018), and that trial is set to begin next Monday.

With regard to the issue of Plaintiffs' standing, the parties have served multiple expert reports and have conducted intensive expert discovery on this issue. Summary judgment briefing and accompanying affidavits on disputed factual issues, such as whether the inclusion of the citizenship question will in fact lead to a disproportionate undercount of sufficient magnitude to harm at least one Plaintiff through vote dilution and/or a loss of benefits from federal funding,

2

will be voluminous and fact-intensive. Plaintiffs believe that full trial on this issue is plainly necessary, and proceeding directly to trial will be far more efficient.

Because standing involves a threshold question of subject matter jurisdiction, the Court must decide this factual dispute before making any ruling on the merits of Plaintiffs' claims. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998). Defendants have advised Plaintiffs that they intend to move for summary judgment on the ground that the Court is limited to reviewing the administrative record when assessing the merits of Plaintiffs' claims. While Plaintiffs disagree that the Court is so limited, the Court has already permitted extra-record discovery based on Plaintiffs' "strong preliminary showing that Defendants have acted in bad faith," Dkt. 48 at 33, and the parties have conducted document discovery and depositions bearing on Defendants' bad faith and the pretextual nature of the stated reason for their decision to add citizenship as a subject on the 2020 Census questionnaire. The Court should weigh such evidence at trial. *See, e.g.*, *Valley Citizens for a Safe Env't v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989); *Buffalo Cent. Terminal v. U.S.*, 886 F. Supp. 1031, 1047-48 (W.D.N.Y. 1995).

Moreover, Plaintiffs submit that the in-court presentation of extra-record evidence can be accomplished without prejudice to Defendants' argument that the Court's ruling should be based solely on the administrative record. The question regarding the appropriate scope of the Court's review therefore can be resolved efficiently as part of a bench trial at which the Court may hear both evidence concerning the administrative record and extra-record evidence. Judge Furman has taken exactly this approach, explaining that "Defendants remain free to argue at trial that the Court should disregard all evidence outside the administrative record." *State of New York et al.*, No. 1:18-cv-02921, Dkt. 405 at 3 (Oct. 26, 2018). Judge Furman has directed the parties to

differentiate between arguments in their trial briefing that are based solely on the administrative record and those based on materials outside the record. *See id.*

In addition, Plaintiffs' claims in the *Kravitz* and *LUPE* cases include not only an APA claim, but also claims under the Enumeration Clause, the Equal Protection Clause, and for conspiracy under 42 U.S.C. § 1985(3).[1] Given that the Court will need to try issues relating to Plaintiffs' standing and these non-APA claims, it will be far more practical and effective to have all issues presented together at trial. This is particularly so given the looming deadlines for the 2020 Census that threaten to moot the relief sought by Plaintiffs if final judgment in this case is unduly delayed. Defendants' plan to generate motion papers to which the Plaintiffs must respond in kind, and that this Court must review, would be a waste of party and Court resources and could lead to piecemeal rulings, appeals, and remands that will unnecessarily delay the resolution of this litigation, perhaps beyond the time the parties have to resolve these issues.

**Defendants' Position**

Defendants intend to move for summary judgment on November 12, 2018, consistent with the Court's scheduling order. ECF No. 57. Among other arguments, Defendants intend to argue that Plaintiffs cannot meet their burden to establish standing.

As to the merits, and as their summary judgment motion will further explain, this challenge to final agency action is properly reviewed, if at all, on the basis of the administrative record the agency compiled. Plaintiffs bring suit under the Administrative Procedure Act (APA), 5 U.S.C.

---

[1] The Second Amended Complaint in this case does not include an Equal Protection Clause claim or a conspiracy claim. However, the Court has indicated that it anticipates consolidating this case with *La Union Del Pueblo Entero v. Wilbur L. Ross*, No. 8:18-cv-1570-GJH ("*LUPE*") for trial. The Amended Complaint in that case includes an Equal Protection Clause claim and a conspiracy claim, and as Plaintiffs have previously explained, they intend to add an Equal Protection claim as well pending the outcome of defendants' motion to dismiss that claim in *LUPE*. *See* Dkt. 55 at 1.

§ 706. In a case arising under the APA, "[j]udicial review of administrative action is generally confined to the administrative record." *Fort Sumter Tours v. Babbitt*, 66 F.3d 1324, 1336 (4th Cir. 1995). Thus, "claims brought under the APA are adjudicated without a trial or discovery, on the basis of an existing administrative record . . . [and accordingly] are properly decided on summary judgment." *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. Dep't of Transp.*, 524 F. Supp. 2d 642, 660 (D. Md. 2007) (citing *Citizens for the Scenic Severn River Bridge, Inc. v. Skinner*, 802 F. Supp. 1325, 1332 (D. Md. 1991), *aff'd*, 1992 WL 180138 (4th Cir. July 29, 1992)). That is because "review of the administrative record is primarily a legal question." *Skinner*, 802 F. Supp. at 1332; *see also, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (explaining that a court's "factfinding capacity" is "typically unnecessary to judicial review" as the court must rule "on the basis of the record the agency provides").

Although this Court's has authorized extra-record discovery, that does not affect the standard of review under the APA—setting the bounds of discovery is a separate issue from the delineation of the materials appropriately *considered* by a court, and Defendants have not yet had the opportunity to brief their views on the appropriate scope of such materials. As their motion for summary judgment would more fully explain, materials produced in discovery are not a proper subject of APA review unless those materials were part of the record before the agency. 5 U.S.C. § 706. The bad-faith exception to record review simply "operate[s] to identify and plug holes in the administrative record." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

Thus, Plaintiffs' claims should be resolved on summary judgment. That Plaintiffs raise a constitutional claim is of no moment, because the APA and its strictures on judicial review govern all claims in this case. Congress has not carved out constitutional claims, such as Plaintiffs' claims under the Enumeration Clause, from this general rule. Section 706 of the APA commands that,

"the reviewing court shall . . . interpret constitutional [ ] provisions," and shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706. Unambiguously, § 706 states that, "[i]n making the foregoing determination[], the court shall review the whole record or those parts of it cited by a party." *Id.*; *see also, e.g.*, *Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1232–33 (D.N.M. 2014); *Evans v. Salazar*, 2010 WL 11565108, at *2 (W.D. Wash. July 7, 2010); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004); *Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993). In any event, summary judgment would be appropriate to show that Plaintiffs failed to prove any violation of these provisions. To the extent that Plaintiffs disagree about the scope of materials that should be considered, they may advance their arguments through an opposition to Defendants' motion for summary judgment.

Defendants do not understand how summary judgment briefing, on the schedule previously set by this Court, would disadvantage the Plaintiffs (beyond of course, the exertion of drafting summary judgment briefs). Contrary to Plaintiffs' suggestion that summary judgment briefing would "lead to piecemeal rulings, appeals, and remands," deciding this case at summary judgment—for either side—would likely be faster and more efficient than holding a trial, and would appropriately queue all of the issues for appellate review.

Defendants do not believe a status conference is necessary. To the extent that Plaintiffs disagree that summary judgment is warranted for Defendants, they may raise those arguments by opposition to Defendants' summary judgment motion. And, lead counsel for this case will be occupied at trial in New York over the coming weeks. Should the Court schedule a status

6

conference, Defendants therefore respectfully request that the conference be held by phone to facilitate participation by counsel at trial in New York.

Dated: November 2, 2018

                                                          Respectfully submitted,

| /s/ Shankar Duraiswamy | /s/ Carol Federighi |
|---|---|
| Shankar Duraiswamy* | Joseph H. Hunt |
| Dustin Cho* | Assistant Attorney General |
| Daniel Grant (Bar Number 19659) | |
| Bianca Nunes* | Brett A. Shumate |
| Tina M. Thomas* | Deputy Assistant Attorney General |
| Karun Tilak* | |
| | Carlotta P. Wells |
| COVINGTON & BURLING LLP | Assistant Branch Director |
| One CityCenter | |
| 850 Tenth Street, NW | Kate Bailey |
| Washington, D.C. 20001-4956 | Garrett Coyle |
| Tel: (202) 662-6000 | Stephen Ehrlich |
| Fax: (202) 662-6302 | Carol Federighi |
| sduraiswamy@cov.com | Trial Attorneys |
| dcho@cov.com | United States Department of Justice |
| dgrant@cov.com | Civil Division, Federal Programs Branch |
| bnunes@cov.com | P.O. Box 883 |
| tthomas@cov.com | Washington, DC  20044 |
| ktilak@cov.com | Tel.:  (202) 514-1903 |
| | carol.federighi@usdoj.gov |
| P. Benjamin Duke* | |
| | *Attorneys for Defendants* |
| COVINGTON & BURLING LLP | |
| The New York Times Building | |
| 620 Eighth Avenue | |
| New York, NY 10018-1405 | |
| Tel: (212) 841-1000 | |
| Fax: (212) 841-1010 | |
| pbduke@cov.com | |

*Attorneys for Plaintiffs*

*Admitted pro hac vice