UNITED STATES DISTRICT COURT

DISTRICT COURT OF MARYLAND

| | |
|---|---|
| KRAVITZ, *et al.*, | Civil Action No. 8:18-cv-01041-GJH |
| Plaintiffs, | Hon. George J. Hazel |
| v. | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | |
| Defendants. | |

Plaintiffs respectfully submit this memorandum of law in support of their motion for leave to file a Third Amended Complaint. Plaintiffs' proposed Third Amended Complaint is identical to their Second Amended Complaint but for the addition of an alleged Equal Protection claim, which itself is substantively identical to the Equal Protection claim alleged by the plaintiffs in *La Unión Del Pueblo Entero v. Ross* ("*LUPE*"), No. GJH-18-1570, 2018 WL 5885528 (D. Md. Nov. 9, 2018). This Court previously sustained the Equal Protection claim alleged by the plaintiffs in *LUPE* against Defendants' motion to dismiss. *See id.* at *14-19. As shown below, Plaintiffs' motion here should be granted because the additional claim mirrors the claim held viable in *LUPE* and Plaintiffs' requested relief would impose no prejudice on Defendants nor any additional burden on the Court or the parties.

It is well established that a court should "freely give" parties leave to amend their pleadings. *Venable v. Pritzker*, No. GLR–13–1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014) (noting that "the federal rules favor granting leave to amend"). Indeed, leave to amend is properly denied only "when amendment would prejudice the opposing party, the moving party has exhibited bad faith, or amendment would be futile." *Id.* (citing *Edell & Assocs., P.C. v. Law*

*Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001)).

Here, there is no basis to deny Plaintiffs' request for leave to add a legal ground for relief under the Equal Protection clause based upon the very same factual allegations. On September 5, 2018, Plaintiffs notified both the Court and Defendants that Plaintiffs intended to amend their complaint to add an Equal Protection claim, subject to the outcome of Defendants' then-pending motion to dismiss the Equal Protection claim in *LUPE*. *See* Plaintiffs' Unopposed Mot. for Leave to File a Second Amended Compl. (ECF 55). In the interest of efficiency, however, Plaintiffs waited until the Court had ruled on the pending motion to dismiss in *LUPE*, since the Court's ruling on the viability of the Equal Protection claim in that case would be equally applicable to Plaintiffs' Equal Protection claim. Thereafter, on November 9, 2018, the Court denied Defendants' motion to dismiss the *LUPE* complaint in its entirety, including the motion to dismiss the Equal Protection claim. 2018 WL 5885528, at *13.

Although Plaintiffs sought Defendants' consent to Plaintiffs' proposed addition of a mirror-image Equal Protection claim in this case, Defendants have refused, suggesting that the amendment would be futile. But this futility objection is plainly meritless given the Court's legal conclusion that the *LUPE* complaint "state[s] a plausible claim that Defendants' decision to reintroduce the citizenship question on the 2020 Census was motivated by discriminatory animus and will result in an adverse effect on immigrants of color." *See id.* at *9. Plaintiffs' proposed Third Amended Complaint contains factual allegations identical to those on which this Court relied in denying Defendants' motion to dismiss in *LUPE*. The plaintiffs in *LUPE* are similarly situated to Plaintiffs here, and the claims made by both sets of plaintiffs are otherwise alike. Plainly, Plaintiffs' proposed Equal Protection claim can withstand a motion to dismiss, because the very same claim has already withstood such a motion. Thus, Plaintiffs' proposed amended complaint is not futile. *See Shields v. Prince George's County*, GJH-15-1736, 2016

WL 4581327, at *5 (D. Md. Sept. 1, 2016) ("A proposed amendment is considered futile if it cannot withstand a motion to dismiss.").[1]

Nor would Plaintiffs' proposed amendment cause any prejudice to Defendants. As Plaintiffs previously advised Defendants, Plaintiffs will agree to stipulate that this Court's eventual ruling on Defendants' pending motion for summary judgment as to the Equal Protection claim in the *LUPE* case shall be binding as to Plaintiffs here as well. (Defendants' pending motions for summary judgment in this case and in *LUPE* are scheduled for joint argument on December 14, and the cases are set to be tried jointly before this Court commencing January 22, 2019.) Plaintiffs' proposed amendment therefore will neither increase the Court's burden in deciding the pending motions, nor will it have any incremental impact on Defendants' trial preparation, since these cases are to be tried on a consolidated basis and the Plaintiffs rely on the same evidence as the *LUPE* plaintiffs to support their Equal Protection claim.

For the reasons set forth above, Plaintiffs respectfully submit that their motion for leave to file the proposed Third Amended Complaint should be granted.

---

[1] To the extent that Defendants contend Plaintiffs' motion is futile for the reasons set forth in Defendants' brief in support of their summary judgment motion on the Equal Protection Claim in the *LUPE* case, *LUPE*, Dkt. 82 (Nov. 12, 2018), Plaintiffs disagree for the same reasons set forth in *LUPE*'s opposition brief. *Id.*, Dkt. 85 (Nov. 27, 2018). Notwithstanding that pending motion, Plaintiffs' motion to amend their pleading to allege an Equal Protection claim should be granted. Plaintiffs do not dispute that the Court's ruling on Defendants' motion for summary judgment as to the *LUPE* plaintiffs' Equal Protection claim will be equally applicable to Plaintiffs' claim.

December 4, 2018                    COVINGTON & BURLING LLP

By:  /s/ Daniel Grant

Daniel Grant (Bar Number: 19659)
Shankar Duraiswamy*
Dustin Cho*
Bianca Nunes*
Tina M. Thomas*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Tel: (202) 662-6000
Fax: (202) 662-6302
dgrant@cov.com
sduraiswamy@cov.com
dcho@cov.com
bnunes@cov.com
tthomas@cov.com

P. Benjamin Duke*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000
Fax: (212) 841-1010
pbduke@cov.com

Lawrence A. Hobel*
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Tel: (415) 591-6000
Fax: (415) 591-6091
lhobel@cov.com

*Attorneys for Plaintiffs*

*          Admitted *pro hac vice*