# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.* | Civil Action No. 8:18-cv-01570-GJH |
| Plaintiffs, | |
| v. | Hon. George J. Hazel |
| WILBUR L. ROSS, in his official capacity as U.S. Secretary of Commerce, et al. | |
| Defendants. | |
| ROBYN KRAVITZ, *et al.* | Civil Action No. 8:18-cv-01041-GJH |
| Plaintiffs, | |
| v. | Hon. George J. Hazel |
| U.S. DEPARTMENT OF COMMERCE, *et al.* | |
| Defendants. | |

**JOINT RULE 42(a)(1) MOTION FOR CONSOLIDATION AND ENTRY OF PRETRIAL SCHEDULE**

In accordance with Federal Rule of Civil Procedure 42, Plaintiffs and Defendants in *LUPE v. Ross*, Case No. 8:18-cv-01570-GJH, and *Kravitz et al. v. U.S. Dep't of Commerce, et al.*, No. 8:18-cv-01041, move to consolidate for trial all matters at issue in these actions. This Court previously scheduled trial in both of these cases for the same dates, under the parties' understanding that trial would be consolidated. The parties now have agreed that consolidation of these two trials is desirable, pursuant to Fed. R. Civ. P. Rule 42(a)(1), which states that, "If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions. . . ." The Court has "broad discretion" to

determine whether consolidation is appropriate under Rule 42(a). *Antione v. Amick Farms, LLC*, 2017 WL 68646, *10 (D. Md. 2017) (internal citations omitted).

In determining whether consolidation is appropriate, the district court must "determine whether the specific risks of prejudice and possible confusion from consolidation were overborne by the risk of inconsistent adjudications . . . , the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Campbell v. Boston Scientific Corp.*, 99 Fed.R.Serv.3d 1479 (4th Cir. 2018) (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (internal quotations omitted). Furthermore, the "[p]olicies of judicial economy generally favor the consolidation of related actions." *Eldridge v. McCabe, Weisberg & Conway, LLC*, 2012 WL 1416642, *1 (D. Md. 2012) (citing *Coyne & Delaney Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996)).

The parties in both actions concur that the criteria for consolidation are satisfied here. These cases have common questions of law and fact, as Plaintiffs in these actions have brought multiple overlapping causes of action and sued identical Defendants.[1] All parties agree that the various factors to be considered by this Court weigh in favor of consolidation. Given the overlap of legal and factual issues in these cases, and to minimize the burden on Defendants, Plaintiffs, and the Court, Plaintiffs in the two actions have jointly retained several expert witnesses and have coordinated expert witness disclosures and depositions in preparation for trial. A

---

[1] Plaintiffs in these two cases share common causes of actions: (1) violation of the Enumerations Clause of the U.S. Constitution (2) violation of the Apportionment Clause of the U.S. Constitution, and (3) violation of the Administrative Procedure Act under 5 U.S.C. § 706(2). *LUPE* Plaintiffs bring forward two additional claims: a violation of Plaintiffs' equal protection guarantee under the Fifth Amendment and a conspiracy to violate civil rights under 42 U.S.C. § 1985(3).

consolidated trial would: (1) minimize the burden on the parties, by not requiring Defendants and Plaintiffs to put forth several of the same witnesses in two separate trials, (2) promote judicial efficiency and shorten the length of time to resolve these cases by not requiring the Court to conclude two trials with many identical issues of fact and law, (3) reduce costs to all parties and conserve judicial resources by avoiding unnecessary and duplicative witness testimony and other pre-trial and trial activity, and (4) reduce potential confusion and prejudice to the parties by allowing common issues for both cases to be resolved simultaneously.

For the foregoing reasons all parties jointly move this Court to consolidate trial in these two matters and as provided in D. Md. Loc. Adm. R. 106 (3)-(4) request the following schedule:

I. **Proposed Pre-Trial Order Dates**

   a. Plaintiffs to provide Defendants: (1) deposition designations, and (2) exhibit lists by December 28, 2018, with reasonable supplementation, not to exceed 50 additional exhibits, of exhibit lists permitted until submission of pre-trial order;

   b. Plaintiffs to provide Defendants proposed stipulations of fact by January 3, 2019;

   c. Plaintiffs to provide draft of all other items in the pre-trial order by January 4, 2019;

   d. Defendants to provide draft pre-trial order to Plaintiffs by January 10, 2019; and

   e. Submission of joint pre-trial order to the Court by January 14, 2019.

II. **Other Pre-Trial Dates**

   a. Motions in *limine* due by January 7, 2019;

   b. Responses to motions in *limine* due by January 14, 2019;

c. Plaintiffs' witness order for the first week of trial due January 18, 2019 (all subsequent witnesses to be identified by 6:00pm EST three days in advance of testimony);

d. Pre-trial conference on January 18, 2019; and

e. Demonstrative exhibits are to be provided 3 days before planned use by 6:00 pm EST.

**III. Direct Testimony by Written Declaration in Lieu of Live Testimony**

The parties also anticipate seeking leave to present the direct examination trial testimony of certain witnesses within their control (to be identified by the parties in the Pretrial Order) by written declarations filed in advance of trial.

This procedure was used by Judge Jesse M. Furman in the trial last month of two related census cases about the citizenship question, *State of New York v. U.S. Department of Commerce*, S.D.N.Y. No. 18-cv-2921, and *New York Immigration Coalition v. U.S. Department of Commerce*, S.D.N.Y. No. 18-cv-5025. The procedure will also be used by Judge Richard G. Seeborg in the trial next month of two other related census cases about the citizenship question, *State of California v. Ross*, N.D. Cal. No. 18-cv-1865, and *City of San Jose v. Ross*, N.D. Cal. No. 18-cv-2279.

Under this procedure, before trial, the parties file written declarations for each witness within their control containing the witness's full direct examination testimony. The opposing party then notifies the party who filed the declaration whether it wishes to cross-examine the witness at trial. At trial, the witness's direct examination, if any, is limited to authenticating the declaration and confirming that the contents are true and correct. The witness is then subject to the normal cross-examination, redirect, re-cross, and any questions from the Court. If the

opposing party waives cross-examination, the witness need not appear in Court to authenticate the declaration.

Direct testimony by written declaration would streamline the trial considerably and conserve judicial resources. "The use of written testimony 'is an accepted and encouraged technique for shortening bench trials.'" *In re Adair*, 965 F.2d 777, 779 (9th Cir. 1992) (per curiam) (citation omitted); *accord Ball v. Interoceanica Corp.*, 71 F.3d 73, 77 (2d Cir. 1995) (per curiam).

Besides streamlining the trial, direct testimony by written declaration would give the Court time to digest each witness's testimony, terminology, and methodology before live cross-examination. That is likely to be especially helpful here given the complex and technical nature of some of the witnesses' anticipated testimony. Direct testimony by written declaration would also allow the Court to consider the full context of each witness's direct testimony when resolving objections.

Dated: December 6, 2018

                                           **By** /s/    Burth G. Lopez

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
Burth G. Lopez (Bar No. 20461)
Thomas A. Saenz (CA Bar No. 159430 )*
Nina Perales (TX Bar No. 24005046)*
Denise Hulett (CA Bar No. 121553)*
Andrea Senteno (NY Bar No. 5285341)*
Tanya G. Pellegrini (CA Bar No. 285186)*
Julia Gomez (CA Bar No. 316270)*
1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
*Attorneys for Plaintiffs*

ASIAN AMERICANS ADVANCING JUSTICE | AAJC
John C. Yang (IL Bar No. 6210478)*
Niyati Shah° (NJ Bar No. 026622005)*
Terry Ao Minnis (MD Bar No. 20547)
1620 L Street, NW, Suite 1050
Washington, DC 20036
Phone: (202) 815-1098
Facsimile: (202) 296-2318
° *Admitted in New Jersey and New York only. DC practice limited to federal courts.*
*Attorneys for Plaintiffs*

COVINGTON & BURLING LLP
By: /s/ Daniel Grant
Daniel Grant (Bar Number: 19659)
Shankar Duraiswamy*
Dustin Cho*
Bianca Nunes*
Tina M. Thomas*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Tel: (202) 662-6000
Fax: (202) 662-6302
dgrant@cov.com
sduraiswamy@cov.com
dcho@cov.com
bnunes@cov.com
tthomas@cov.com

P. Benjamin Duke*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 841-1000
Fax: (212) 841-1010
pbduke@cov.com

Lawrence A. Hobel*
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Tel: (415) 591-6000
Fax: (415) 591-6091
lhobel@cov.com
*Attorneys for Plaintiffs*

\*	Admitted *pro hac vice*

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

*/s/ Stephen Ehrlich*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL J. HALAINEN
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 305-9803
Email:   Stephen.ehrlich@usdoj.gov
*Counsel for Defendants*