UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LA UNIÓN DEL PUEBLO ENTERO, *et al.* <br><br> Plaintiffs, <br> v. <br><br> WILBUR L. ROSS, in his official capacity as U.S. Secretary of Commerce, et al. <br><br> Defendants. | Civil Action No. 8:18-cv-01570-GJH <br><br><br> Hon. George J. Hazel |
| ROBYN KRAVITZ, *et al.* <br><br> Plaintiffs, <br> v. <br><br> U.S. DEPARTMENT OF COMMERCE, *et al.* <br><br> Defendants. | Civil Action No. 8:18-cv-01041-GJH <br><br><br> Hon. George J. Hazel |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM USING THE DELIBERATIVE PROCESS PRIVILEGE AS BOTH A SWORD AND A SHIELD**

Defendants have invoked the deliberative process privilege to withhold numerous documents that would otherwise have comprised part of the Administrative Record in this case. In addition, both the Department of Commerce ("DOC") and the Department of Justice ("DOJ") invoked the deliberative process privilege in key witness depositions, thereby preventing Plaintiffs from obtaining evidence directly relevant to the issues of Defendants' discriminatory intent and the pretextual nature of the DOJ's December 12, 2017 request to add citizenship as a new subject to the 2020 Census, and to the *LUPE* Plaintiff's allegations of conspiracy to deprive Plaintiffs of their constitutional rights. Defendants therefore should be precluded from

introducing evidence or argument (a) disputing the sufficiency of the disclosed Administrative Record to establish Defendants' discriminatory intent, or (b) relying upon the "presumption of regularity" in the administrative process relating to the citizenship question which Defendants have invoked privilege to cloak from Plaintiffs' (and this Court's) view.

## BACKGROUND

In the consolidated New York Census Cases, *State of New York v. United States Department of Commerce*, No. 1:18-cv-02921-JMF, the parties engaged in extensive motion practice regarding discovery, including regarding the scope of the Administrative Record. Defendants initially produced a 200-page privilege log, which included hundreds of documents withheld on the basis of deliberative process privilege. Exhibit 1, Defendants' Updated Privilege Log (Aug. 8, 2018). In addition, DOJ produced three privilege logs, which included numerous documents withheld on the basis of deliberative process privilege. Exhibits 2-4, DOJ Privilege Logs (Oct. 23, 2018).

Plaintiffs challenged Defendants' overly broad assertions of the deliberative process privilege through several motions to compel, which Judge Furman granted in part and denied in part. *See State of New York*, No. 1:18-cv-02921-JMF, Dkts. 323, 369. Even after this motion practice, which led to the disclosure of some previously withheld documents, Defendants refused to independently evaluate those assertions and have continued to shield hundreds of DOC and DOJ documents on the basis of deliberative process privilege. Moreover, during witness depositions – including those of DOC Deputy Chief of Staff and Director of Policy Earl Comstock and DOJ Acting Assistant Attorney General for Civil Rights John Gore – Defendants and DOJ repeatedly invoked the deliberative process privilege and instructed the witnesses not to

answer questions on that ground. Defendants also successfully prevented Plaintiffs from taking the deposition of Secretary of Commerce Wilbur Ross.

## ARGUMENT

It is well established that "privileges cannot be used as both a sword and a shield." *Burlington Indus. v. Exxon Corp.*, 65 F.R.D. 26, 46 (D. Md. 1974); *accord People for Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Maryland, Inc.*, No. CV PX-17-2148, 2018 WL 3546725, at *3 (D. Md. July 24, 2018). "A party cannot choose to disclose only so much of allegedly privileged matter as is helpful to his case." *Burlington Indus.*, 65 F.R.D. at 46. "[A] party cannot 'us[e] the privilege as both a shield and a sword. In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials.'" *Courtade v. United States*, 243 F. Supp. 3d 699, 702 (E.D. Va. 2017) (citing *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003)). This rule applies to the deliberative process privilege. *See, e.g.*, *Recycling Sols., Inc. v. D.C.*, 175 F.R.D. 407, 408 & n.2 (D.D.C. 1997); *United States v. Wells Fargo Bank N.A.*, 2015 WL 6935917 (S.D.N.Y. Oct. 22, 2015).

Here, Defendants have continued to shield hundreds of documents on the basis of deliberative process privilege, even though many of these withheld or redacted documents are likely relevant to Defendants' intent in adding the citizenship question to the 2020 Census and to the integrity of the administrative decision-making process of Defendants DOC and Secretary Ross. For example, Defendants have withheld a March 2018 memorandum from Secretary Ross's advisors "regarding historical information relating to the census." *See* Exhibit 1 at 7 (withholding AR0001474; AR0001475). In addition, Defendants have redacted or withheld large portions of emails regarding the potential use of administrative records to meet the Department

of Justice's request for citizenship data. *See, e.g.*, Exhibit 1 at 94-95, 107-108, 112 (redacting or withholding AR0004830; AR0004837; AR0004841; AR0005932; AR0005937; AR0005943; AR0005949; AR0006174). The exclusion of these, and other, documents from the Administrative Record creates an incomplete picture of the process through which the decision to add a citizenship question to the decennial census unfolded.

Moreover, in addition to blocking the deposition of the Secretary, Defendants blocked Plaintiffs from obtaining answers to deposition questions posed to DOC and DOJ witnesses concerning their joint orchestration of that process, such as the Attorney General's refusal to allow DOJ staff to accept Census Bureau officials' repeated requests to meet and discuss DOJ's asserted data needs. For example, Gore relied upon counsel's invocation of the deliberative process privilege in refusing to answer questions concerning discussions between DOC and DOJ prior to September 8, 2017. Exhibit 5, Gore Dep. Tr. 61:17-63:11; 66:9-67:3 (admitting that he was "aware of the fact that conversations had occurred," while refusing to reveal their substance). On the same basis, Gore admitted that he knew DOJ did *not* want to "raise the issue of the citizenship question" as late as September 8, 2017," *id.* at 69:21-70:12, but refused to reveal why DOJ rebuffed DOC's initial solicitation. Mr. Gore admitted to conversations with White House officials concerning the citizenship question in October of 2017, but on advice of counsel, did not answer questions regarding the content of those conversations. *Id.*, at 409:19-413:9. Counsel also instructed Gore not to answer why the Attorney General ordered DOJ staff not to meet with Census Bureau staff (who had unanimously recommended against the addition of the question to the 2020 Census). *See, e.g., id.* at 284:17-285:15; 291:9-19.

The deliberative process privilege has been used to block Plaintiffs from probing any substantive discussions within DoJ that predated the DoJ letter of December 2017. *Id.* at 76:7-

4

77:3. Similarly, Defendants instructed Comstock not to answer a question regarding the preparation of Secretary Ross's March 26, 2018 memorandum. Exhibit 6, Comstock Dep. Tr. 345:13-346:2.

Defendants have thus used the deliberative process privilege to shield evidence that Plaintiffs could use to prove Defendants' intent and demonstrate a lack of regularity in the process surrounding Secretary Ross's decision. They should not now be allowed to benefit from a "presumption of regularity" in that process or to contend that the evidence in the Administrative Record or the record of this case generally is somehow insufficient to establish Defendants' discriminatory intent. Any such contention places in issue their own deliberations reflected in the withheld documents and testimony and would violate the sword/shield doctrine.

## **CONCLUSION**

As this Court has recognized in its order on summary judgment, Plaintiffs have presented substantial evidence on intent and lack of regularity of the process. Plaintiffs intend to do so again at trial. The issue, however, is whether the Defendants can assert that the evidence is somehow deficient because Plaintiffs were unable to obtain the evidence as to which the deliberative process privilege was interposed or that somehow Defendants are entitled to a presumption of regularity. Either argument would allow Defendants to "abuse the privilege" by asserting arguments about what the evidence shows that cannot be fully rebutted without access to the privileged documents and testimony. *See Courtade*, 243 F. Supp. 3d at 702. The Court should therefore preclude Defendants from hammering their shield into a convenient sword for use at trial.

Dated: January 7, 2019

By:

/s/ _____
/s/ _____

**COVINGTON & BURLING LLP**
Shankar Duraiswamy*
Dustin Cho*
Daniel Grant (Bar. No. 19659)
Bianca Nunes*
Tina Thomas*

One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Tel: (202) 662-6000
Fax: (202) 662-6302
dgrant@cov.com
sduraiswamy@cov.com
bnunes@cov.com
tthomas@cov.com

P. Benjamin Duke*
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 8411000
Fax: (212) 841-1010
pbduke@cov.com

Lawrence A. Hobel*
One Front Street
San Francisco, CA 94111-5356
Tel: (415) 591-6000
Fax: (415) 591-6091
lhobel@cov.com

*Attorneys for Kravitz Plaintiffs*

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
Thomas A. Saenz+
Nina Perales +
Denise Hulett
Andrea Senteno
Burth G. López
Tanya G. Pellegrini
Julia A. Gomez

1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
tsaenz@maldef.org
nperales@maldef.org
dhulett@maldef.org
asenteno@maldef.org
blopez@maldef.org
tpellegrini@maldef.org
jgomez@maldef.org

*Attorneys for LUPE Plaintiffs*

**ASIAN AMERICANS ADVANCING JUSTICE | AAJC**
John C. Yang*
Terry Ao Minnis (Bar No. 20547)
Niyati Shah*

1620 L Street, NW, Suite 1050
Washington, DC 20036
Phone: (202) 815-1098
Facsimile: (202) 296-2318
jyang@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org
nshah@advancingjustice-aajc.org

*Attorneys for LUPE Plaintiffs*

*Admitted pro hac vice
+ Pro hac vice forthcoming