CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
(301) 344-3910 FAX

January 16, 2019

RE: *Kravitz et al. v. United States Dep't of Commerce et al.*, 18-1041;
*LUPE et al. v. Ross et al.*, 18-1570

## **LETTER ORDER**

Dear Counsel:

The Court is preparing for the January 18, 2019 pretrial conference in these consolidated cases and requests that the parties come prepared to discuss the effect of Judge Furman's January 15, 2019 ruling in *State of New York et al. v. U.S. Department of Commerce* No. 18-CV-02921-JMF (the "New York Action") on the Court's jurisdiction here.

Article III of the United States Constitution limits federal court jurisdiction to "cases" and "controversies." The Supreme Court has interpreted this requirement "to demand that an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 669 (2016) (internal quotation marks and citations omitted). Thus, if a plaintiff's case is moot, the court lacks subject-matter jurisdiction. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed . . . ." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Lewis v. Cant'l Bank Corp.,* 494 U.S. 472, 477–78 (1990)); *see also Simmons v. United Mortgage & Loan Inv., LLC,* 634 F.3d 754, 763 (4th Cir. 2011) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir.2008)). "This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *Genesis Healthcare*, 133 S. Ct. at 1528. Indeed, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

Judge Furman vacated Secretary Ross's decision to add a citizenship question to the 2020 census questionnaire, enjoined the Department of Commerce from implementing Secretary Ross's March 26, 2018 decision or from adding a citizenship question to the 2020 census, and remanded the matter to the Secretary of Commerce. Although Judge Furman denied the New York plaintiffs declaratory relief—relief Plaintiffs request here—the injunctive relief granted by Judge Furman may have deprived Plaintiffs of a "personal stake in the outcome of [their] lawsuit." *Symczyk*, 133 S. Ct. at 1528 (quoting *Lewis,* 494 U.S. at 477–78). The parties should be prepared to address whether the Court may still grant Plaintiffs' requested declaratory relief. For

example, the *LUPE* Plaintiffs request that this Court "declare that addition of a citizenship question to the 2020 Census questionnaire violates the Equal Protection guarantee of the Fifth Amendment," ECF No. 42 at 110 (18-1570), but given the current facts, there is no longer an "addition of a citizenship question to the 2020 Census" to declare unconstitutional. The requirement that this Court weigh in only on concrete disputes with direct consequences on the parties is a constitutional limit, and it is not clear what would restrain the Court's authority from declaring other hypothetical census questions illegal if the Court remains empowered to declare a no longer extant citizenship question unconstitutional here.

To be sure, Judge Furman has not enjoined the Defendants from continuing to test the citizenship question or otherwise preparing for the possibility that it will be allowed on the Census, and perhaps the Plaintiffs here seek a broader injunction. Thus, the parties should be prepared to address whether Plaintiffs here have requested broader relief than what was granted to the New York plaintiffs and whether a broader request for relief constitutes a "personal stake in the outcome of the lawsuit." For example, the Court is not currently convinced that the Plaintiffs have a "personal stake" in whether testing or preparation continues. Although, the Plaintiffs continue to "vehemently" "dispute the lawfulness of the conduct that precipitated the lawsuit," the Court is uncertain that an actual controversy about the Plaintiffs' particular legal rights remains. *Already, LLC*, 133 S. Ct. at 727 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)). If, for example, this Court were to issue a broader injunction than the one issued in the New York Action, it is not clear how that would have direct consequences on the Plaintiffs.

The Court is sensitive to Plaintiffs' counsel's position, discussed on the January 4, 2019 conference call, that Plaintiffs would like an opportunity to build a trial record on their unique standing claims and on the constitutional and statutory claims that did not go to trial in the New York Action. It is true that given the likelihood of appeals and the timing of the Census, moving forward with the scheduled trial may be the most practical and efficient way for the parties to finally resolve this dispute; after all, if the decision in the New York Action is reversed, Plaintiffs' suit may certainly re-ripen and Plaintiffs may be left without time to achieve final resolution of their claims before this Court and engage in the appeals process. However, constitutional concerns do not bend to practical ones.[1]

In sum, the Court requests that the parties prepare to discuss whether Judge Furman's ruling in the New York Action deprives the Court of subject-matter jurisdiction over Plaintiffs' claims. Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/s/

George J. Hazel
United States District Judge

---

[1] The Court is not completely insensitive to practical concerns, however, and may determine it prudent to take evidence as scheduled beginning January 22nd and permit argument on this issue as part of the parties' post-trial submissions.