January 17, 2019

**VIA ECF**

The Honorable George J. Hazel
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      **Re:  Plaintiffs' letter regarding Letter Order, Dkt. 104, Kravitz, *et al. v.* U.S. Dept. of Commerce, *et al.* (No. 18-cv-01041)**

Dear Judge Hazel:

    In light of the Court's Letter Order dated January 17, 2019 (Dkt. 104), Plaintiffs will be prepared to address the effect of Judge Furman's January 15, 2019 ruling in *State of New York et al. v. U.S. Department of Commerce* No. 18-CV-02921-JMF (the "New York Action") on the Court's jurisdiction at tomorrow's pretrial conference. In advance of that conference, Plaintiffs respectfully submit this letter to call the Court's attention to certain points and authorities that support Plaintiffs' position that their claims are not moot as a result of Judge Furman's ruling. Plaintiffs welcome the opportunity to address this issue more fully as part of the post-trial briefing in this case, as suggested by the Court. Dkt. 104, at 2 n.1.

    The controversy at issue here remains live because Judge Furman's decision is subject to reversal on appeal. Defendants filed a notice of appeal from the decision earlier today. *See* Dkt. 576, No. 18-cv-2921. Courts consistently hold that a ruling in a related action that is subject to appeal does not render a plaintiff's claims moot. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 291 n.7 (2005) (noting that relief awarded by a judgment affirmed by the state supreme court did not moot dispute because the loser in the state-court action represented that it would petition U.S. Supreme court for review); *Crawford & Co v. Apfel*, 235 F.3d 1298, 1303 (11th Cir. 2000) (holding dispute was not moot because related state proceeding decision was subject to "modification"); *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998) (holding dispute was not moot where district court order "might be reversed by [the appellate court] or the Supreme Court"); *Mausolf v. Babbitt*, 85 F.3d 1295, 1297 (8th Cir. 1996) (holding that dispute over appellant's ability to intervene was not mooted by judgment in underlying action because party had appealed judgment); *United States Postal Service v. Brennan*, 579 F.2d 188, 190 n.1 (2d Cir. 1978) (decision in underlying action "ha[d] not reached final judgment" and therefore did not moot appeal over right to intervene since application for rehearing had been filed and time for petition for certiorari had not expired); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 502 F. Supp. 2d 363, (S.D.N.Y. 2007) (order from different district court did not moot dispute because the order "is not final as it is now on appeal"); *Nat'l Wildlife Fed'n v. Burford*, 677 F. Supp. 1445, 1453 (D. Mont. 1985) (holding that dispute over certain leases was not moot, even though relief with respect to those leases had been

1

obtained in another case because various "post-judgment proceedings" had been instituted in that case and there was "a possibility, if not a likelihood, of appeal in that case").[1]

As these courts explain, even in the presence of a sister court's judgment on the same issue, a court can still provide effectual relief—and plaintiffs still have a personal stake in the outcome of the proceedings—because of the risk of reversal or modification of that judgment on appeal. *See, e.g.*, *Kleissler*, 157 F.3d at 969 (given the possibility of reversal, appellants' ability to participate in underlying lawsuit "remain[ed] a viable issue"); *Nat'l Wildlife Fed'n*, 677 F. Supp. at 1453 (noting that case remained "live" because if the judgment in the other case were reversed, the leases subject to that judgment "would become immediately subject to the rulings issued and the remedy, if any, granted in the present case"). In light of the government's decision to appeal Judge Furman's decision, that is precisely the case here.

In this regard, the "practical concerns" recognized by the Court dovetail with the constitutional concerns. Given the possibility of a stay or reversal on appeal, Plaintiffs have a personal stake in litigating their claims now. Indeed, by the time appeals are resolved in the New York Action, there will no longer be sufficient time for Plaintiffs to seek and obtain relief based on independent legal claims and factual evidence that were not at issue in the New York Action. The Census Bureau has testified that the drop-dead date for changes to the questionnaire, based on current resources, is June 30, 2019.

Given the uncertainty regarding the finality of Judge Furman's ruling, proceeding without delay to trial and a decision in this case is consistent with the approach that federal courts have taken recently when faced with separate cases in different jurisdictions seeking the same nationwide injunction. *See, e.g.*, *NAACP v. Trump*, 298 F. Supp. 3d 209 (D.D.C. 2018) (granting a third nationwide injunction after one was issued in New York and California in the DACA cases); *Los Angeles v. Sessions*, Dkt. 93, No. CV 17-7215-R(C.D. Cal. Sept. 13, 2018) (granting a preliminary injunction in "sanctuary city" case even though the Northern District of Illinois had already issued one to all plaintiffs in that case, including the City of Los Angeles); *Stone v. Trump*, 280 F. Supp. 3d 747 (D. Md. 2017) (granting a motion for a preliminary injunction in the transgender ban case in the District of Maryland, even though the District Court for the District of Columbia had already issued a preliminary injunction in a parallel case); *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2084 (2017) (discussing injunctions issued both in the District of Hawaii and the District of Maryland).

As the above cases make clear, in light of the pendency of an appeal in the New York Action, Plaintiffs' claims continue to raise a live controversy irrespective of whether Plaintiffs

---

[1] In contrast, none of the cases identified in the Court's Letter Order involved a ruling in another action that remained subject to appeal. *See, e.g., Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016); *Genesis Healthcare Corp v. Symczyk*, 133 S. Ct. 1523 (2013); *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011) (all involving offers of complete relief by a defendant); *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721 (2013) (involving issue of voluntary cessation of conduct).

here seek broader relief than what Judge Furman ordered in the New York Action. *See, e.g.*, *NAACP*, 298 F. Supp. 3d 209 (D.D.C. 2018); *Los Angeles*, Dkt. 93, *Stone*, 280 F. Supp. 3d 747. In any event, the relief Plaintiffs seek here *is* broader than that granted by Judge Furman in the New York Action. As the Court noted, Judge Furman remanded the matter to the Secretary of Commerce and left open the possibility that the deficiencies of the Secretary's decision could be rectified. The judgment order in the New York Action allows that the Secretary may proceed with adding a citizenship question based on different reasoning and a different record if the Secretary exhausts his ability to acquire and use administrative records to meet the need for any citizenship data and submits a report to Congress regarding his modification of the subjects for the 2020 census questionnaire. *See* Final Judgment, Order of Vacatur, and Permanent Injunction, *State of New York v. U.S. Dep't of Commerce*, Dkt. 575, No. 18-cv-2921 (S.D.N.Y. Jan. 15, 2019).

Here, pursuant to their claims under the Enumeration Clause, the Equal Protection Clause, and 42 U.S.C. § 1985 – claims that either were not tried or were not successful based on the evidence presented in the New York Action – Plaintiffs seek an unqualified permanent injunction that would bar the Secretary from adding a citizenship question to the 2020 Census questionnaire under any circumstances. Furthermore, even as to their APA claim, Plaintiffs contend that this Court should vacate the Secretary's action without any remand to the agency, on the grounds that the decision-making process was so flawed and violated clear constitutional and statutory obligations, such that inclusion of a citizenship question on the 2020 Census questionnaire should be foreclosed. *See Sierra Club v. U.S. Army Corps of Engineers*, 909 F.3d 635 (4th Cir. 2018) (vacating agency decision without remand where there was no "serious possibility" that the agency would be able to substantiate its decision on remand); *Union Pacific R. Co. v. U.S. Dep't of Homeland Security*, 738 F.3d 885, 901-02 (8th Cir. 2013) (declining to remand where agency "act[ed] outside statutory authority" and "[g]iving CBP a chance to polish its writing and path its reasoning would not make CBP's actions any less constitutionally suspect or any more authorized by statute"); *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (remand not required where "application of the correct legal standard could lead to only one outcome"); *Crown Cork & Seal Co. v. NLRB*, 36 F.3d 1130, 1142-43 (D.C Cir. 1994) (holding that remand was unnecessary because the agency had "suggested no alternative bases for upholding" its determination).

Importantly, because Judge Furman's decision remands the decision to the agency and leaves open the possibility that Secretary Ross will again decide to add a citizenship question to the census questionnaire, organizational plaintiffs in this case continue to divert resources to address the potential impact of the citizenship question.[2] Thus, Judge Furman's ruling does not relieve these Plaintiffs from their ongoing injuries. This Court can provide more effective relief to these organizational plaintiffs by vacating the Secretary's decision without remand.

---

[2] Moreover, under Judge Furman's injunction, organizational plaintiffs will be consulted by the Census Bureau as part of any continuing deliberations over the citizenship question, which would again involve a diversion of organizational resources.

For these reasons, Plaintiffs believe that the urgency and importance of the claims before this Court are unabated notwithstanding the New York court's decision.

Respectfully submitted,

/s_____

**COVINGTON & BURLING LLP**
Shankar Duraiswamy*
Dustin Cho*
Daniel Grant (Bar. No. 19659)
Bianca Nunes*
Tina Thomas*

One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Tel: (202) 662-6000
Fax: (202) 662-6302
sduraiswamy@cov.com
dcho@cov.com
dgrant@cov.com
bnunes@cov.com
tthomas@cov.com

P. Benjamin Duke*

The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 8411000
Fax: (212) 841-1010
pbduke@cov.com

Lawrence A. Hobel*
Karun Tilak*
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Tel: (415) 591-6000
Fax: (415) 591-6091
lhobel@cov.com
ktilak@cov.com

*Attorneys for Kravitz Plaintiffs*

*Admitted pro hac vice*
+*Pro hac vice application forthcoming*

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
Thomas A. Saenz+
Nina Perales +
Denise Hulett
Andrea Senteno
Burth G. López
Tanya G. Pellegrini
Julia A. Gomez

1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
tsaenz@maldef.org
nperales@maldef.org
dhulett@maldef.org
asenteno@maldef.org
blopez@maldef.org
tpellegrini@maldef.org
jgomez@maldef.org

*Attorneys for LUPE Plaintiffs*

**ASIAN AMERICANS ADVANCING JUSTICE | AAJC**
John C. Yang*
Terry Ao Minnis (Bar No. 20547)
Niyati Shah*

1620 L Street, NW, Suite 1050
Washington, DC 20036
Phone: (202) 815-1098
Facsimile: (202) 296-2318
jyang@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org
nshah@advancingjustice-aajc.org

*Attorneys for LUPE Plaintiffs*