UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0637
(301) 344-3910 FAX

February 13, 2019

RE: *Kravitz et al. v. United States Dep't of Commerce et al.*, 18-1041;
*LUPE et al. v. Ross et al.*, 18-1570

## **LETTER ORDER**

Dear Counsel:

      This letter order addresses Plaintiffs' letter brief requesting rulings on PX-496 and PX-298(R), ECF No. 142, which Defendants responded to, ECF No. 145.

      Plaintiffs ask the Court to reconsider its prior ruling excluding PX-496, a Breitbart news article written by former Kansas Secretary of State Kris Kobach, because unlike the other newspaper articles excluded by that ruling, PX-496 is authored by Mr. Kobach and therefore does not contain two levels of hearsay. According to Plaintiffs, Mr. Kobach's out-of-court statements are admissible either for the truth of the matter asserted as statements by a co-conspirator under Fed. R. Evid. 801(d)(2)(E) or under Rule 803(3)'s hearsay exception to demonstrate his "motivation as a decision-maker." ECF No. 142. The Court is not convinced by either argument.

      "To admit evidence as a co-conspirator's statement, a court must conclude (1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy." *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)). In deciding these factual questions, the court may examine out-of-court statements. *Id.* However, even considering Mr. Kobach's out-of-court statements, the Court cannot infer that Mr. Kobach wrote the Brietbart opinion piece in furtherance of a conspiracy. In PX-496, Mr. Kobach discusses his motivations for advocating for the addition of a citizenship question, but nothing in the article suggests that a meeting of the minds existed at the time he authored the piece. Further, the broader record indicates that the Secretary, his staff, and the Department of Justice sought to ensure public messaging about a citizenship question addition focused on the Department of Justice's voting-rights-act rationale. Thus, if the Secretary and Mr. Kobach were engaged in a conspiracy to violate civil rights at that point, statements by Mr. Kobach, rallying support for a citizenship question based on a different rationale, would not be in furtherance of that conspiracy. Plaintiffs' argument that Mr. Kobach's out-of-court statements are admissible under 803(3) to prove his motivation as a decision-maker also fails because Plaintiffs have not demonstrated that Mr. Kobach served as a decision-maker.

Plaintiffs' request for reconsideration of the Court's earlier order excluding PX-496 is therefore denied.

Plaintiffs' request for admission of PX-298(R) will also be denied because the record in this case is closed.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/s/
George J. Hazel
United States District Judge

2