# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBYN KRAVITZ, *et al.* <br><br> *Plaintiffs*, <br> v. <br><br> U.S. DEPARTMENT OF COMMERCE, *et al.* <br><br> *Defendants*. | Civil Action No. 8:18-cv-01041-GJH <br><br> Hon. George J. Hazel |
| LA UNIÓN DEL PUEBLO ENTERO, *et al.* <br><br> *Plaintiffs*, <br> v. <br><br> WILBUR L. ROSS, in his official capacity as U.S. Secretary of Commerce, et al. <br><br> *Defendants*. | Civil Action No. 8:18-cv-01570-GJH <br><br> Hon. George J. Hazel |

**PLAINTIFFS' MOTION TO SHORTEN TIME ON
PLAINTIFFS' RULE 62.1(a) MOTION FOR AN INDICATIVE RULING**

Plaintiffs have moved pursuant to Federal Rules of Civil Procedure 62.1(a) for an indicative ruling that the Court would grant a motion for relief from judgment under Federal Rules of Civil Procedure 60(b)(2), based on newly discovered evidence that could not have been discovered in time to move for a new trial under Federal Rules of Civil Procedure 59(e).

Plaintiffs hereby move, pursuant to Federal Rules of Civil Procedure 6(c)(1)(C), Local Civil Rule 105(2)(a), and the Court's inherent power to manage its docket, for an order shortening time for Defendants to file a responsive brief and Plaintiffs to file a reply brief on Plaintiffs' Motion for Relief Pending Appeal under Rule 62.1, filed herewith, and setting a

hearing and indicative ruling date by June 14, 2019. On May 31, 2019, Plaintiffs gave notice to Defendants of their intent to file this motion for an expedited briefing and indicative ruling schedule. In response, while not disagreeing with Plaintiffs on an expedited schedule, Defendants proposed a longer briefing schedule. Both proposed schedules are detailed below. However, as described further below, an additional week of briefing, as proposed by Defendants, would be prejudicial to Plaintiffs in that it would unnecessarily delay resolution of critical issues related to *LUPE* Plaintiffs' appeal.

A shortened briefing schedule on Plaintiffs' Motion for Relief Pending Appeal under Rule 62.1 is necessary and in the interest of justice based on the urgency of the issues and the importance of the decennial Census to the public interest.

Defendants filed notices of appeal for each of the consolidated cases on April 8, 2019, and Plaintiffs in *LUPE, et al. v. Wilbur Ross, et al.*, No. 18-cv-01570 ("*LUPE* Plaintiffs"), filed a cross-appeal on April 16, 2019. *LUPE* Plaintiffs requested, and the Fourth Circuit granted, an expedited briefing schedule on *LUPE* Plaintiffs' appeal. Order, *LUPE, et al. v. Ross*, et al., No. 19-1382, ECF 26 (May 29, 2019). *LUPE* Plaintiffs' opening brief is due on June 5, 2019, Defendants' response brief is due on June 19, 2019, and *LUPE* Plaintiffs' reply brief is due on June 26, 2019. *Id*.

The 2020 Census date is April 1, 2020, which makes resolution of the both *LUPE* Plaintiffs' appeal and Motion for an Indicative Ruling particularly time-sensitive. Defendants have represented that they must finalize the decennial Census questionnaire for printing by the end of June 2019. *See* Petition for Writ of Certiorari at 13-14, *Dep't of Commerce v. New York* ("*New York*"), No. 18-966 (U.S. Jan. 25, 2019). The issue presented in *LUPE* Plaintiffs' appeal, and in the instant Rule 62.1 motion, is whether Defendants violated the Fifth Amendment to the

U.S. Constitution.[1]  That claim is not before the Supreme Court in the *New York* case.  The Supreme Court has received briefing and heard oral argument in *New York* only on the claims that the addition of the citizenship question to the decennial Census violates the Administrative Procedure Act and the Enumeration Clause of the U.S. Constitution.  Should the Supreme Court reverse the New York district court's grant of injunctive relief, Plaintiffs' Fifth Amendment claim, which forms a separate basis for the entry of injunctive relief, requires resolution before Defendants finalize 2020 Census operations.

Accordingly, resolution of Plaintiffs' Motion for Relief Pending Appeal under Rule 62.1 is pressing in that it directly bears on Plaintiffs' pending Fifth Amendment claim.  As explained more fully in Plaintiffs' Motion for an Indicative Ruling, newly discovered evidence directly connects that discriminatory purpose with the Department of Commerce and Department of Justice officials, and establishes that the government obscured this evidence through misrepresentations made in the deposition testimony of John Gore and Mark Neuman.  As such, this Court's ruling on Plaintiffs' Motion for Relief Pending Appeal under Rule 62.1 is critical to resolution of *LUPE* Plaintiffs' appeal.

Last, Defendants will not be prejudiced by an expedited briefing schedule.  Rather, given Defendants' contention that the Census Bureau must send the final questionnaire to the printer by the end of June 2019, an expedited briefing schedule will ensure a more timely resolution of the matters to be included in the final questionnaire.

---

[1] *LUPE* Plaintiffs also seek a Rule 62.1 indicative ruling and relief under Rule 60(b) on their claim under 42 U.S.C. § 1985.  The Court ruled against *LUPE* Plaintiffs on this claim because it concluded that *LUPE* Plaintiffs had failed to prove discriminatory animus on the part of Secretary Ross.  *Kravitz v. United States Department of Commerce*, 366 F.Supp.3d 681, 754 (D.Md., 2019).  For the reasons stated in Plaintiffs' accompanying Rule 62.1 and Rule 60(b) motion, the newly discovered evidence warrants relief from judgment on the § 1985 claim as well.

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order setting the following briefing schedule:

- Plaintiffs' opening brief to be filed by June 3, 2019;

- Defendants' responsive brief to be filed by June 7, 2019;

- Plaintiffs' reply brief, if any, to be filed by June 10, 2019; and

- Argument and indicative ruling by June 14, 2019.

Defendants disagree and propose the following schedule:

- Plaintiffs' opening brief to be filed by June 3, 2019;

- Defendants' response/opposition brief to be filed by June 13, 2019; and

- Plaintiffs' reply brief to be filed by June 18, 2019;

- Defendants do not propose any deadline for a ruling.

As neither party disagrees to an expedited schedule and as Plaintiffs will be prejudiced with a delayed ruling on their motion for an indicative ruling, Plaintiffs respectfully request this court to adopt their proposed schedule.

Dated: June 3, 2019                     Respectfully Submitted,

/s/ Daniel Grant (Bar. No. 19659)
/s/ Denise Hulett

**COVINGTON & BURLING LLP**
Shankar Duraiswamy*
José E. Arvelo*
Dustin Cho*
Amee Frodle*
Daniel Grant (Bar. No. 19659)
Bianca Nunes*
Tina M. Thomas*

One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956

Tel: (202) 662-6000
Fax: (202) 662-6302
dgrant@cov.com
sduraiswamy@cov.com
jarvelo@cov.com
dcho@cov.com
afrodle@cov.com
bnunes@cov.com
tthomas@cov.com

P. Benjamin Duke*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 8411000
Fax: (212) 841-1010
pbduke@cov.com

Lawrence A. Hobel*
Karun Tilak*
COVINGTON & BURLING LLP
Salesforce Tower, 415 Mission Street
San Francisco, CA 94105-2533
Tel: (415) 591-6000
Fax: (415) 591-6091
lhobel@cov.com
ktilak@cov.com

*Attorneys for Kravitz Plaintiffs*


**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**
Thomas A. Saenz*
Nina Perales *
Denise Hulett*
Andrea Senteno*
Burth G. López (Bar No. 20461)
Tanya G. Pellegrini*
Julia A. Gomez*

1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
tsaenz@maldef.org
nperales@maldef.org

dhulett@maldef.org
asenteno@maldef.org
blopez@maldef.org
tpellegrini@maldef.org
jgomez@maldef.org

*Attorneys for LUPE Plaintiffs*

**ASIAN AMERICANS ADVANCING JUSTICE | AAJC**
John C. Yang*
Terry Ao Minnis (Bar No. 20547)
Niyati Shah*

1620 L Street, NW, Suite 1050
Washington, DC 20036
Phone: (202) 815-1098
Facsimile: (202) 296-2318
jyang@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org
nshah@advancingjustice-aajc.org

*Attorneys for LUPE Plaintiffs*

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of June 2019, I caused a copy of the foregoing Motion to Shorten Time for Briefing and Indicative Ruling and all accompanying filings to be sent to all parties receiving CM/ECF notices in this case.

By: /s/_____
Daniel T. Grant