# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| **Robyn Kravitz**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. Department of Commerce**, et al.,<br><br>Defendants. | No. 8:18-cv-1041-GJH |
| **La Unión del Pueblo Entero**, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>**Wilbur L. Ross**, in his official capacity as Secretary of Commerce, et al.,<br><br>Defendants. | No. 8:18-cv-1570-GJH |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME ON PLAINTIFFS' RULE 62.1(a) MOTION FOR AN INDICATIVE RULING**

Defendants hereby oppose Plaintiffs' Motion to Shorten Time on Plaintiffs' Rule 62.1(a) Motion. ECF No. 163. Late last night, Plaintiffs filed a 20-page motion with voluminous exhibits in an ill-advised attempt to revisit this Court's prior ruling on their equal protection and 42 U.S.C. § 1985(3) claims. *See* ECF 162. Under Plaintiffs' proposed schedule, Defendants must respond to this motion in four days. That is completely unnecessary and unwarranted. Defendants' proposed schedule, *see* ECF No. 162 at 4, would allow a few extra days for Defendants to better present their arguments to the Court without causing any prejudice to Plaintiffs. And if Plaintiffs are truly concerned about timing, they can waive their reply brief, resulting in a fully-briefed motion on *Plaintiffs'*

proposed schedule. This would be a much faster pace than the expedited Fourth Circuit briefing on Plaintiffs' equal protection and 42 U.S.C. § 1985(3) claims, *see* ECF No. 163 at 2, and would still allow ample time for the Court to resolve Plaintiffs' motion before the June 30, 2019 printing deadline for census questionnaires.

In fact, the only prejudice here is to Defendants, not Plaintiffs. The Court previously ordered that the Secretary of Commerce cannot include a citizenship question on the 2020 Census, *see* ECF No. 154, so there is no ongoing harm to Plaintiffs during the extra few days of briefing. *Contra Schrier v. Univ. of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) ("The purpose of a preliminary injunction is . . . to protect plaintiffs from irreparable injury that will surely result without their issuance."). And despite general statements about their motion being "time-sensitive," ECF 163 at 2, Plaintiffs nowhere identify any prejudice from waiting several days for Defendants to fully present their arguments to the Court.[1] Indeed, Defendants' proposed schedule results in a fully-briefed motion by June 18, 2019 at the latest—June 13, 2019 if Plaintiffs' waive their reply brief—which leaves ample time for the Court to resolve their motion.

Defendants, on the other hand, must not only oppose Plaintiffs' motion here, but must also appear in the Southern District of New York to address similar issues during Plaintiffs' proposed four-day window. This is not news: Judge Furman set that schedule five days before Plaintiffs' motion. *See New York v. U.S. Dep't of Commerce*, 18-cv-2921 (S.D.N.Y.), ECF No. 590 (May 30, 2019 order directing Defendants to appear on Wednesday, June 5, 2019). Moreover, undersigned counsel have a myriad of other commitments this week that prejudice their ability to effectively rebut Plaintiffs' motion in four days, including multiple depositions, a summary-judgment filing, a court-ordered conference, parental leave, a court-ordered document production, and various trial preparations.

---

[1] Defendants note that Plaintiffs waited a full month before moving to expedite their Fourth Circuit cross appeal, belying their newfound need for expeditious resolution.

The Court should therefore reject Plaintiffs' attempt to hamstring Defendants with a breakneck schedule, and should order briefing on the following timeline:

- Defendants' response by June 13, 2019;

- Plaintiffs' reply, if any, by June 18, 2019; and

- Argument, if necessary, at the Court's convenience.[2]

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JAMES M. BURNHAM
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

/s/ Stephen Ehrlich
GARRETT COYLE
STEPHEN EHRLICH
COURTNEY ENLOW
MARTIN M. TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for Defendants*

CC: All Counsel of Record (by ECF)

---

[2] Unlike Plaintiffs, Defendants do not propose a date by which the Court must rule. As Plaintiffs themselves recognize, the Court has "inherent power to manage its docket." ECF No. 163 at 1.