**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBYN KRAVITZ, *et al.*,<br><br>               Plaintiffs,<br><br>     v.<br><br>U.S. DEPARTMENT OF COMMERCE, *et al.*,<br><br>           Defendants. | No. 8:18-cv-1041-GJH |
| LA UNIÓN DEL PUEBLO ENTERO, *et al.*,<br><br>               Plaintiffs,<br><br>     v.<br><br>WILBUR L. ROSS, in his official capacity as Secretary of Commerce, *et al.*,<br><br>           Defendants. | No. 8:18-cv-1570-GJH |

**DEFENDANTS' PROPOSED DISCOVERY PLAN
CONCERNING PLAINTIFFS' RULE 60 MOTION**

Pursuant to the Court's direction during the July 3, 2019 telephonic conference, Defendants respectfully set forth their views concerning a discovery schedule in connection with Plaintiffs' Rule 60(b)(2) motion.

1. The Supreme Court vacated the final agency action reinstating a citizenship question to the 2020 decennial census, and the Department of Commerce and Census Bureau currently are enjoined from printing a census questionnaire that includes a citizenship question. *Department of Commerce v. New York*, No. 18-966 (June 27, 2019). If Plaintiffs prevail on their equal protection and conspiracy claims, the status quo will not change. Plaintiffs' Rule 60 motion is therefore moot, and discovery in service of that motion is inappropriate. In *Department of Commerce*, a majority of the Court held that the Commerce Secretary's decision to place a citizenship question on the 2020 decennial census did not violate the Enumeration Clause, *slip op.* at 13, that the Secretary provided a reasoned basis for his decision, *id.* at 20, and that he did not violate the Census Act, *id.* at 21-23. But because the Court concluded that the Secretary's proffered rationale for the decision was pretextual, it affirmed the district court's remand to the agency. *Id.* at 28-29. Accordingly, the permanent injunction precluding the Commerce Department from "implementing Secretary Ross's March 26, 2018 decision and from adding a citizenship question to the 2020 decennial census," *see* Final J., Order of Vacatur, and Permanent Inj., *New York v. Dep't of Commerce*, No. 18-cv-2921 (S.D.N.Y. Jan. 15, 2019), Dkt. No. 167, remains in place.[1]

2. Any new decision by the Department of Commerce on remand providing a new rationale for reinstating a citizenship question on the census will constitute a new final agency action,

---

[1] To be sure, a majority of a Fourth Circuit panel remanded this case "so that the district court may address and resolve the matters identified in its Indicative Ruling of June 19, 2019, and its related Memorandum Opinion of June 24, 2019." *See La Union Del Pueblo Entero v. Ross*, No. 19-1382 (4th Cir. June 25, 2019). But the Fourth Circuit issued its decision two days before the Supreme Court's opinion and, accordingly, was not able to consider the significance of the Supreme Court's ruling

and Plaintiffs will be fully entitled to challenge that decision at that time.  *See, e.g., Trump v. Hawaii*, 138 S. Ct. 2392, 2403-2406 (2018) (discussing multiple iterations of Executive Order, each of which was separately challenged, and ultimately limiting judicial review to the operative version of the Executive Order); *Karnoski v. Trump*, No. 18-cv-35347, 2019 WL 2479442 (9th Cir. June 14, 2019) (holding that it was error for the district court to summarily deny a motion to dissolve a preliminary injunction where there had been changed circumstances in the form of a new policy).

3.      Here, no amount of discovery will change the fact that the March 2018 decision that was the subject of Plaintiffs' lawsuit has been vacated and the matter remanded to the agency.  The Departments of Justice (DOJ) and Commerce have been asked to reevaluate all available options following the Supreme Court's decision and whether the Supreme Court's decision would allow for a new decision to include the citizenship question on the 2020 Decennial Census.  In the event the Commerce Department adopts a new rationale for including the citizenship question on the 2020 Decennial Census consistent with the decisions of the Supreme Court, the Government will immediately notify this Court so that it can determine whether there is any need for further proceedings or relief.  But proceeding to discovery now in connection with a new decision that has not yet been made would be premature.  It would also be extremely inefficient.  *See* Fed. R. Civ. P. 1. Whenever any new decision is made, Plaintiffs presumably would seek discovery on that new decision rather than the old one.  Because the status quo currently fully protects the Plaintiffs, there is no justification for proceeding immediately with discovery.  Accordingly, Plaintiffs' Rule 60 motion is moot, discovery in service of that motion is inappropriate, and the final judgment in this case should remain in effect.

---

affirming Judge Furman's decision to vacate the Secretary's March 2018 decision and remand to the agency.  Under these circumstances, the Fourth Circuit's remand does not preclude this Court from denying Plaintiffs' Rule 60 motion as moot.

4.      Although Defendants oppose discovery commencing at this time for the above stated reasons, if discovery does go forward, Defendants do not object to Plaintiffs' proposed discovery schedule.  As the government explained during the July 3, 2019 status conference and as noted above, the Departments of Commerce and Justice have been instructed to examine whether there is a path forward, consistent with the Supreme Court's decision, that would allow for the inclusion of the citizenship question on the census.  Dkt. 612-1, at 10:21-25.  "[I]f a viable path forward is found, DOJ's current plan would be to file a motion in the Supreme Court to request instructions on remand to govern further proceedings in order to simply and expedite the remaining litigation and provide clarity to the process going forward."  *Id.* at 11:3-9.  Accordingly, although it is difficult to determine how such developments may affect any discovery schedule entered in this case, should the Court enter a discovery schedule now, Defendants may seek to revise the discovery schedule in the future as circumstances warrant.

DATED: July 5, 2019                     Respectfully submitted,

                                        JOSEPH H. HUNT
                                        Assistant Attorney General

                                        JAMES M. BURNHAM
                                        Deputy Assistant Attorney General

                                        JOHN R. GRIFFITHS
                                        Director, Federal Programs Branch

                                        /s/ Joshua E. Gardner
                                        JOSHUA E. GARDNER
                                        Special Counsel, Federal Programs Branch
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, N.W.
                                        Washington, DC  20005
                                        Tel.:  (202) 305-7583
                                        Email:  Joshua.E.Gardner@usdoj.gov

                                        *Counsel for Defendants*