# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBYN KRAVITZ, *et al.* <br><br> *Plaintiffs*, <br> v. <br><br> U.S. DEPARTMENT OF COMMERCE, *et al.* <br> *Defendants*. | Civil Action No. 8:18-cv-01041-GJH <br><br> Hon. George J. Hazel |
| LA UNIÓN DEL PUEBLO ENTERO, *et al.* <br> *Plaintiffs*, <br> v. <br><br> WILBUR L. ROSS, in his official capacity as U.S. Secretary of Commerce, et al. <br><br> *Defendants*. | Civil Action No. 8:18-cv-01570-GJH <br><br> Hon. George J. Hazel |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' AMENDED MOTION FOR LEAVE TO WITHDRAW APPEARANCE OF COUNSEL

Plaintiffs respectfully submit this Response to Defendants' Amended Motion for Leave to Withdraw Appearance of Counsel (the "Amended Motion"). Under Local Rule 101(2)(b), "[t]he decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." *Abbott v. Gordon*, No. DKC-09-0372, 2010 WL 4183334, at *1 (D.Md. Oct. 25, 2010); *see also Al-Sabah v. Agbodjogbe*, No. ELH-17-730, 2019 WL 1472585, at *2 (D.Md. Apr. 3, 2019) (noting that the cases interpreting Local Rule 101(2)(b) "emphasize that withdrawal by an attorney is not a matter of right, but is subject to leave of court").

In considering whether to grant leave, courts "must still consider the potential prejudice to *all* parties involved and the potential disruption to the administration of justice from attorney withdrawal." *Abbott*, 2010 WL 4183334, at *3 (emphasis added). Courts in this District also look to the Maryland Lawyer's Rules of Professional Conduct, including Rule 1.16, which specifies the circumstances warranting a lawyer's withdrawal and "provide[s] a benchmark for when withdrawal may be permitted." *Id.* at *1.

Defendants fail to identify any justification or reason for the mass withdrawal of the entire team of lawyers from the Department of Justice's Federal Programs Branch who has litigated this case since it was commenced in mid-2018. In fact, the Amended Motion is highly irregular in that it seeks to revoke the appearances of long-standing DOJ trial counsel in this case – none of whom has actually joined the Amended Motion or provided any explanation for their withdrawal. Moreover, the Amended Motion offers no factual basis whatsoever for Defendants' unsupported "expect[ation]" that the summary removal of the experienced DOJ trial team steeped in this case will not "cause any disruption in this matter."

In reality, there is every reason to expect that this sudden purge of trial counsel will cause both severe disruption of the case and undue risk of prejudice to Plaintiffs' rights. The Amended Motion seeks to replace all of the attorneys from the DOJ's Federal Programs Branch, which is responsible for defending civil actions like this one that challenge the legality of government policies, including "matters [that] involve Bureau of the Census," *see* http://www.justice.gov/civil/federal-programs-branch, with attorneys from DOJ's Office of Immigration Litigation and Civil Fraud Section, neither of which is responsible for defending

litigation of this type much less as a last-minute substitute.[1] Absent any persuasive showing of need or inability on the part of current counsel, this Court would be well within its discretion in denying Defendants' last-minute attempt to bring in an entirely new team with no prior exposure to the details of this litigation and no demonstrated expertise in the relevant law. *See Al-Sabah,* 2019 WL 1472585 at *3 (noting that an "impending trial or other key proceeding" may limit counsel's ability to withdraw).[2]

      The Amended Motion not only seeks to cut off the seasoned team of DOJ lawyers by "no longer send[ing] them docketing notifications via the ECF system" in the case, but also to replace them with a new set of attorneys from alien divisions of DOJ. A wholesale change of Defendants' legal team at this late stage of the litigation creates an acute risk that discovery on Plaintiffs' Equal Protection claim will be further delayed and bogged down while uninitiated counsel for Defendants try to understand the case. As the Court has recognized, time continues to be of the essence, and any further delay could prejudice Plaintiffs. At a minimum, Plaintiffs request that the Court obtain assurances from Defendants that they will not rely on the change in counsel to argue for extensions or modifications of the existing schedule or otherwise delay the production of documents or individuals for deposition, and require current counsel to provide a full explanation to the Court why their withdrawal from the case is necessary and appropriate at this late juncture.

---

[1] The Office of Immigration Litigation oversees "civil immigration litigation" and "provides support and counsel to all federal agencies involved in alien admission, regulation, and removal under U.S. immigration and nationality statutes." *See http://www.justice.gov/civil/office-immigration-litigation.* The Civil Fraud Section is within the Commercial Litigation Branch and focuses on areas such as healthcare fraud, procurement fraud, and customs fraud. *See http://www.justice.gov/civil/fraud-section.*

[2] In the New York case, Judge Furman earlier today denied the defendants' nearly identical motion to withdraw from that case. *See State of New York et al. v. United States Department of Commerce, et al.*, 18-CV-2921 (JMF), Dkt. No. 623 (S.D.N.Y July 9, 2019).

Dated: July 9, 2019 　　　　　　　　　　Respectfully Submitted,

/s/ Daniel Grant (Bar. No. 19659)
/s/ Denise Hulett

**COVINGTON & BURLING LLP**
Shankar Duraiswamy*
José E. Arvelo*
Dustin Cho*
Amee Frodle*
Daniel Grant (Bar. No. 19659)
Bianca Nunes*
Tina M. Thomas*

One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Tel: (202) 662-6000
Fax: (202) 662-6302
dgrant@cov.com
sduraiswamy@cov.com
jarvelo@cov.com
dcho@cov.com
afrodle@cov.com
bnunes@cov.com
tthomas@cov.com

P. Benjamin Duke*
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel: (212) 8411000
Fax: (212) 841-1010
pbduke@cov.com

Lawrence A. Hobel*
Karun Tilak*
COVINGTON & BURLING LLP
Salesforce Tower, 415 Mission Street
San Francisco, CA 94105-2533
Tel: (415) 591-6000
Fax: (415) 591-6091
lhobel@cov.com
ktilak@cov.com
*Attorneys for Kravitz Plaintiffs*

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
Thomas A. Saenz*
Nina Perales *
Denise Hulett*
Andrea Senteno*
Burth G. López (Bar No. 20461)
Tanya G. Pellegrini*
Julia A. Gomez*

1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
tsaenz@maldef.org
nperales@maldef.org
dhulett@maldef.org
asenteno@maldef.org
blopez@maldef.org
tpellegrini@maldef.org
jgomez@maldef.org

*Attorneys for LUPE Plaintiffs*

**ASIAN AMERICANS ADVANCING JUSTICE | AAJC**
John C. Yang*
Terry Ao Minnis (Bar No. 20547)
Niyati Shah*

1620 L Street, NW, Suite 1050
Washington, DC 20036
Phone: (202) 815-1098
Facsimile: (202) 296-2318
jyang@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org
nshah@advancingjustice-aajc.org

*Attorneys for LUPE Plaintiffs*

*Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of July 2019, I caused a copy of the foregoing Motion and all accompanying filings to be sent to all parties receiving CM/ECF notices in this case.

                By: */s/*_____
                         Daniel T. Grant