**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

|  |  |  |
|---|---|---|
| | * | |
| **ROBYN KRAVITZ,** *et al.,* | | |
| | * | |
| **Plaintiffs,** | | **Case No.: GJH-18-1041** |
| | * | |
| **v.** | | |
| | * | |
| **UNITED STATES DEPARTMENT OF COMMERCE,** *et al.,* | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

|  |  |  |
|---|---|---|
| **LA UNIÓN DEL PUEBLO ENTERO,** *et al.,* | | |
| | * | |
| **Plaintiffs,** | | **Case No.: GJH-18-1570** |
| | * | |
| **v.** | | |
| | * | |
| **WILBUR ROSS,** *et al.,* | | |
| | * | |
| **Defendants.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

On July 8, 2019, Defendants filed an Amended Motion for Leave to Withdraw Appearance of Counsel to "advise the Court that going forward" they would be represented by different counsel from the Department of Justice ("DOJ"). ECF No. 192. Plaintiffs oppose Defendants' motion. ECF No. 193.

Rule 101.2 of the Local Rules of the United States District Court for the District of Maryland governs the withdrawal of counsel. That rule states, in relevant part, that:

> In the case of any party other than an individual, including corporations, partnerships, unincorporated associations and government entities, appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered. . .

Loc. R. 101.2.b (D. Md. 2016). Here, Defendants have moved for leave of court and "an appearance of other counsel has been entered." ECF No. 190.

However, "withdrawal by an attorney is not a matter of right," *Al-Sabah v. Agbodjogbe*, No. CIV-ELH-17-730, 2019 WL 1472585, at *2 (D. Md. Apr. 3, 2019), and "[i]n all cases, the court must still consider the potential prejudice to all parties involved and the potential disruption to the administration of justice from attorney withdrawal." *Abbott v. Gordon*, No. CIV-DKC-9-0372, 2010 WL 4183334, at *3 (D. Md. Oct. 25, 2010). The Court shares the concerns articulated in Judge Furman's well-reasoned order denying Defendants' parallel motion in the related New York case that a shift in counsel at this late stage may be disruptive to an already complicated and expedited case. *See New York v. U.S. Dep't of Commerce*, No. 1:18-cv-02921-JMF (S.D.N.Y.), ECF No. 623. But, unlike the local rules in the Southern District of New York, the local rules in this District do not include a requirement that attorneys provide "satisfactory reasons for withdrawal." *Compare* Loc. Civ. R. 1.4. (S.D.N.Y) *with* Loc. R. 101.2.b (D. Md.). Additionally, the limited case law from this jurisdiction that Plaintiffs cite in support of their opposition to Defendants' Motion involve scenarios distinct from the situation here. Specifically, unlike here, in *Abbott v. Gordon* and *Al-Sabah v. Agbodjogbe*, the withdrawing attorneys' clients opposed their lawyers' motions for leave to withdraw. *Abbott v. Gordon*, No. CIV-DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010); *Al-Sabah v. Agbodjogbe*, No. CIV-ELH-17-730, 2019 WL 1472585, at *1 (D. Md. Apr. 3, 2019). In contrast, the Defendants here do not oppose a withdrawal, and the Court is weary of allowing Plaintiffs to determine what team of lawyers Defendants choose to send into Court.

Further, the Court recognizes that because a new team of DOJ lawyers have entered their appearances, an outright denial of Defendants' Motion would not prevent the attorneys who have been representing the Defendants' interests thus far from simply receding into the background as new counsel take the lead. The Court's concern, therefore, is less focused on the formality of whose names appear at the bottom of future pleadings and more focused on the need for a transition of counsel that does not disrupt the orderly administration of justice. The Court appreciates the representations made by Defendants in their Reply memorandum that they "do not anticipate seeking any extensions based on the substitution of new counsel, will diligently work to ensure that the substitution of counsel does not prejudice plaintiffs in any way, and intend to respond to Plaintiff's discovery on the Court-ordered schedule." ECF No. 194 at 2. Nonetheless, while the Court is inclined to ultimately permit the withdrawal, under the unique circumstances of this request, more specific assurances will first need to be provided.

This case involves complicated factual and legal disputes that Plaintiffs' attorneys and the withdrawing attorneys have litigated over the last fifteen months through discovery disputes, pretrial motions, a seven-day bench trial, post-trial briefings, and issues on appeal. A total of 194 docket entries have been made in this case, the parties' post-trial briefings totaled 562 pages and the Court's final memorandum opinion was 119 pages. The Court has now ordered a 45-day discovery period, which has already begun, to be followed weeks later by an evidentiary hearing. As this Court, other Courts, and the Defendants themselves have emphasized, time is of the essence. *See e.g.*, ECF No. 166 at 4 ("[Plaintiffs' request for relief] is unfair . . . because it would effectively foreclose Defendants from appealing this Court's ruling before the June 30, 2019 deadline for finalizing census questionnaires."); ECF No. 175 ("[T]he Court is sensitive to Defendants' deadlines."); ECF No. 185 at 12:17–20 ("[T]iming is an issue").

As a practical matter, the Court cannot fathom how it would be possible, at this juncture, for a wholesale change in Defendants' representation not to have some impact on the orderly resolution of these proceedings unless Defendants provide assurance of an orderly transition between the withdrawing attorneys and new counsel. This requires more than just the effort of the new DOJ team, but the involvement and availability of the withdrawing attorneys. Thus, the Defendants need to provide specific assurances to the Court that one or more of the withdrawing attorneys are remaining available to the new DOJ team, as necessary, or provide detailed reasoning for why such an arrangement is untenable.

Additionally, the Court also expects that the new DOJ team will be aware of and prepared to address potential conflicts between recent developments in this case and positions repeatedly taken before this Court by the withdrawing attorneys. For example, in defending against Plaintiffs' Equal Protection claim, Defendants, through counsel, have repeatedly represented to this Court that Secretary Ross, and not President Trump, acted "as the sole decisionmaker" as it relates to the addition of a citizenship question to the Census, and that, as a result, any evidence of statements made by candidate, President-elect, or President Trump suggesting discriminatory animus towards immigrant communities was not relevant to the decision to add a citizenship question to the 2020 Census. *See e.g.*, ECF No. 54-1 (18-1570) at 8 (arguing that Plaintiffs "have not alleged facts plausibly suggesting that the sole decisionmaker here—the Secretary—had a discriminatory *purpose* in reinstating a citizenship question."); *id.* at 25 ("Given that Secretary Ross, as the sole decisionmaker, directed reinstatement of a citizenship question on the 2020 Census . . .); ECF No. 82-1 (18-1570) at 24–25 ("Here there is no evidence that, as the sole decisionmaker, *Secretary Ross* directed reinstatement of a citizenship question on the 2020 Census *because of* potential adverse effects on a protected class."); *id.* at 26 ("These statements

therefore shed no light on 'the decisionmaker's [*i.e.*, the Secretary's] purposes.'"); ECF No. 90-1 (18-1041) at 7 ("To the extent Plaintiffs are relying upon this exhibit to establish discriminatory intent by the decisionmaker, Plaintiffs have adduced no evidence that Secretary Ross was even aware of this purported campaign document."); ECF No. 150 (18-1041) at 212 ("There is no evidence, in the administrative record or otherwise, that the sole decisionmaker, the Secretary, was motivated by discriminatory animus."); *id.* at 221 ¶ 527 ("Simply put, Plaintiffs failed to prove that general public statements made by the President or other persons about matters other than the decennial census or the possibility of including a citizenship question thereon – that the Secretary may or may not have even been aware of – somehow constitute a discriminatory animus motive on the part of the Secretary, the sole decisionmaker, and they have failed to satisfy the final *Arlington Heights* factor."); ECF No. 153 (18-1041) at 168:1-3 ("[P]laintiffs have failed to adduce any evidence that anyone, other than the Secretary, was responsible for that decision"); *id*. at 169:15-19 ("[P]laintiffs have failed to show that the President was even aware of the Secretary's decision, let alone involved in that decision. Plaintiffs have failed to identify a single statement from the President that concerns the census, let alone the citizenship question."); *id.* at 170:3–5 ("It is plaintiffs' burden to prove, and they failed to show that the President had any knowledge or involvement in this decision."). The Court accepted these arguments made by the withdrawing attorneys in its earlier ruling, which is now under reconsideration, granting judgment in Defendants' favor on the Equal Protection claim. ECF No. 154 at 42 ("Ultimately though, the Court cannot, by a preponderance of the evidence, connect the dots between the President['s] views, the Secretary's failure to disclose his real rationale, and the Secretary's final decision.").

The Court wholeheartedly agrees that it is the Attorney General who has the authority to determine which officers of the Department of Justice shall "attend to the interest of the United States." 28 U.S.C. § 517. But Defendants must realize that a change in counsel does not create a clean slate for a party to proceed as if prior representations made to the Court were not in fact made. A new DOJ team will need to be prepared to address these, and other, previous representations made by the withdrawing attorneys at the appropriate juncture.

For the reasons stated above, it is ordered by the United States District Court for the District of Maryland that: Defendants' amended motion for leave to withdraw the appearance of James Burnham, Garrett Coyle, Stephen Ehrlich, Courtney Enlow, Carol Federighi, Joshua Gardner, John Griffiths, Martin Tomlinson, and Brett Shumate as counsel, ECF No. 192, is **DENIED** without prejudice. Defendants may re-file their motion with details of measures being taken to ensure an orderly transition between counsel; specifically, the motion should explain how the withdrawing attorneys are assisting in the transition and the manner in which they will remain available, if necessary, to ensure Defendants' compliance with the Court's deadlines. Upon receipt of a renewed motion addressing the Court's concern, the Court will permit the withdrawal.

Dated: <u>July 10 , 2019</u>                                    /s/_____

GEORGE J. HAZEL
United States District Judge