## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBIN KRAVITZ, *et al.* <br>          *Plaintiffs*, <br>     v. <br> U.S. DEPARTMENT OF COMMERCE, *et al.* <br><br>       *Defendants*. | Civil Action No. 8:18-cv-01041-GJH <br><br> Hon. George J. Hazel |
| LA UNIÓN DEL PUEBLO ENTERO, *et al.* <br>          *Plaintiffs*, <br>     v. <br> WILBUR L. ROSS, in his official capacity as <br> U.S. Secretary of Commerce, *et al.* <br><br>       *Defendants*. | Civil Action No. 8:18-cv-01570-GJH <br><br> Hon. George J. Hazel |

## *LUPE* PLAINTIFFS' SKELETAL MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Plaintiffs, through counsel, seeks recovery of fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (b) and (d), for time reasonably expended in this matter. As evidenced by the Court's July 16, 2019 order resolving Plaintiffs' Rule 60(b) motion and permanently enjoining Defendants from including a citizenship question on the 2020 Census questionnaire, *Kravtiz v. Dep't of Comm.*, No. 18-cv-1041, ECF Dkt. No. 162, Plaintiffs are the prevailing party who are entitled to compensation for work done in this case to successfully prevent the government from adding a citizenship question to the 2020 Census.

1

Plaintiffs therefore respectfully request that the Court award them reasonable fees and costs pursuant to the EAJA; the circumstances of this case warrant imposition of market rates for the calculation of reasonable fees uncapped by EAJA statutory rates

Plaintiffs filed leave to file this skeletal motion on August 15, 2019 with Plaintiffs' Unopposed Motion to Permit Skeletal Filing of Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act with Supplement Permitted at a Later Date if No Settlement Reached.  *Kravitz*, ECF Dkt. 205.  Plaintiffs file this skeletal motion in relation to their earlier motion.  The parties are currently engaged in settlement discussions with respect to attorneys' fees and costs. Plaintiffs will supplement this motion on or before August 30, 2019 if the parties are unable to settle.  Plaintiffs will withdraw this motion if settlement is reached.

## Background

The *LUPE* Plaintiffs filed a complaint in this case against government Defendants, stating claims for violations of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2), the U.S. Constitution's Enumeration Clause and Fifth Amendment, and 42 U.S.C. § 1985 (civil conspiracy).  *LUPE v. Ross*, 8:18-cv-1570, ECF Dkt. Nos. 1, 42.  Plaintiffs alleged that the addition of a citizenship question to the Census is unconstitutional and violates several federal laws.

The parties engaged in expedited discovery, with the depositions of several government officials and more than a dozen experts, all or most of which was coordinated with five other sets of plaintiffs in five additional cases in Maryland, New York and California challenging the addition of the citizenship question.  The parties also conducted briefing on motions to dismiss and for summary judgment, and oral argument on the motion summary judgment.

Beginning on January 22, 2019, this Court conducted a six-day trial on all of Plaintiffs' claims.  This Court received testimony from more than a dozen expert and factual witnesses, and Plaintiffs introduced hundreds of documents as evidence.  Plaintiffs submitted almost 300 pages of proposed Findings of Fact and Conclusions of Law.  On April 5, 2019, this Court ruled in favor of Plaintiffs on the claims brought under the APA and the U.S. Constitution's Enumeration Clause.  The Court initially ruled against Plaintiffs with respect to their Fifth Amendment and conspiracy claims.

On April 8, 2019, Defendants filed an appeal of Plaintiffs' APA and Enumerations Clause claim to the Fourth Circuit.  On April 16, 2019, *LUPE* Plaintiffs filed a cross-appeal on the denial of their equal protection claim to the Fourth Circuit.  The Fourth Circuit agreed to expedite briefing for the cross-appeal, which was completed on July 26, 2019.

On May 30, 2019, new evidence in this case was revealed with direct relevance to Plaintiffs' equal protection and conspiracy claims.  On June 3, 2019, Plaintiffs filed a request under Rule 62.1 for an indicative ruling on a Rule 60(b) motion that asked this Court to reconsider whether or not Defendants conspired to intentionally discriminate against Latinos and immigrants of color when they added the citizenship question to the 2020 Census.  Upon oral argument, this Court ruled that the new evidence "raise[d] a substantial issue."  As such, this Court ordered, and the Fourth Circuit remanded for, additional discovery related to the Rule 60(b) motion.  *Kravitz*, ECF Dkt. 189;  *LUPE v. Ross*, No. 19-1382, ECF Dkt. No. 45 (4th Cir. July 25, 2019).

On June 27, 2019, the Supreme Court issued its opinion in *Department of Commerce v. New York*, affirming the district court's ruling in part, holding that Secretary Ross's stated reason for adding the question was pretext.  As a result, on July 2, 2019, Defendants represented to Plaintiffs' attorneys and to the District Court that the administration would send the 2020 Census forms to the printer without the citizenship question.  Plaintiffs requested a stipulation confirming that the decision is final and irreversible for the 2020 Census.  Less than 24 hours later, on July 3, 2019, following a tweet from President Trump, Defendants reversed course and told the District Court that Defendants continued to "examine whether there is a path forward, consistent with the Supreme Court's decision, that would

allow us (the government) to include the citizenship question on the census."
Transcript of Proceedings – Telephonic Conference on July 3, 3019 at 10:22-24,
*Kravitz, v. Dep't of Commerce*, No. 8:18-cv-01041-GJH.  The District Court set a
July 5, 2019 deadline for Defendants to return with a commitment to proceed
without a citizenship question, or a scheduling plan for discovery and further
hearing on Plaintiffs' Rule 60(b) motion.  On July 5, 2019, the parties moved
forward with competing discovery schedules.  The District Court granted
Plaintiffs' request to move forward with their proposed discovery in relation to the
Rule 60(b) motion.

On July 11, 2019, President Trump announced that his administration would
abandon its effort to ask households about citizenship on the 2020 Census, and
issued an executive order stating that it would seek this data through administrative
records.  Plaintiffs negotiated the terms of a dismissal in the case and ensured that
the administration is not able to reverse course; and that Plaintiffs may seek relief
as necessary should the administration seek to add the question to undermine the
terms of the dismissal.  Plaintiffs successfully secured relief on their claims and
now seek attorneys' fees and costs in relation to this litigation.

## Argument

Under the EAJA,  a court may award market-rate attorneys' fees to a
prevailing party to the same extent as available at common law—in other words,

5

based upon a showing of bad faith or vexatious conduct.  *See* 28 U.S.C. § 2412(b).

Additionally, the EAJA provides that a court "shall award to a prevailing party

other than the United States" recovery of attorney's fees at a statutory rate, as well

as costs and reasonable expert fees "unless the court finds that the position of the

United States was substantially justified or that special circumstances make an

award unjust."  28 U.S.C. § 2412(d)(1)(A).

## I.    LUPE Plaintiffs are a Prevailing Party Under EAJA.

In order to recover, Plaintiffs must be a "prevailing party" under the EAJA.

28 U.S.C. § 2412 (b), (d)(2)(B).  Any party seeking an award of fees and expenses

must "show that the party is a prevailing party."  *Id* at § 2412(d)(2)(B).   Plaintiffs

meet this burden.

A party may become a "prevailing party" by prevailing "on a single

substantive issue from which benefit is derived."  *Roanoke River Basin Ass'n v.

Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("It is well established that to be a

'prevailing party' a party need only obtain some sought-after relief on a substantial

issue in the litigation."); *see also Abernathy v. Clarke*, 857 F.2d 237, 239 (4th Cir.

1988) ("A prevailing party is one who succeeds on any significant issue and

thereby achieves some of the benefit he sought in commencing the litigation.")

(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here, Plaintiffs obtained success on a substantial and central issue in this litigation.  On July 16, 2019, this Court issued an order permanently enjoining Defendants from including a citizenship question on the 2020 Census questionnaire.  *Kravitz* , ECF Dkt. No. 203.  Plaintiffs' main objective – to ensure that a citizenship question was not included in the 2020 Census – was accomplished, thus Plaintiffs have undoubtedly achieved the benefit sought in commencing this litigation, *Abernathy v. Clarke*, 857 F.2d at 239, and are "prevailing parties" under the EAJA.

## II.     Plaintiffs Are Entitled To Attorneys' Fees Because Defendants Acted in Bad Faith Under 28 U.S.C. § 2412(b).

Section 2412(b) imposes liability for fees and expenses to the same extent permitted against any other party under common law.  As such, under that section, Plaintiffs are entitled to attorneys' fees at the market rates. *See also Hyatt v. Shalala*, 6 F.3d 250, 254 (4th Cir. 1993) (holding that this section "allows for fees that can greatly exceed the cap placed on a § 2412(d) award.").

### A.  The Government Acted in Bad Faith.

Under 28 U.S.C. § 2412(b), "[w]here the United States has litigated in bad faith, for example, it is subject to a common law attorney fee award based upon prevailing market rates … where the losing party has willfully disobeyed a court order or has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sullivan v. Sullivan*, 958 F.2d 574, 577 n. 8 (4th Cir. 1992) (citations omitted); *see*

*also N.C. Alliance for Transp. Reform, Inc. v. United States DOT*, 151 F.Supp.2d

661, 676 (M.D.N.C. 2001) (where the court found bad faith when government

defendants conducted only a cursory one-day review of its agency action).

This Court found that "its previous threshold finding of bad-faith has

matured into a factual finding of bad faith or pretext," on the part of Defendants.

*Kravitz*, ECF Dkt. No. 125 at 98.  Defendants repeated their "contrived," *Dep't of*

*Comm. v. New York*, 139 S. Ct. 2551, 2575 (2019), justification for their action to

add a citizenship question based on a DOJ request for data to better enforce voting

rights throughout the course of this litigation.  Defendants kept the ruse up all the

way to the Supreme Court in related litigation, maintaining that the VRA rationale

provided was the sole basis for the addition of the citizenship question.

Additionally, the failure to test and follow the well-established process for adding

questions to the census form is akin to the bad faith exhibited in *N.C. Alliance*,

where Defendants ignored all available evidence and rushed to add the citizenship

question without following well-established procedures.  Defendants' conduct after

the Supreme Court decision in *Dep't of Comm. v. New York*, 139 S. Ct. 2551

(2019), is further evidence of Defendants' bad faith.

### B.  Plaintiffs Are Entitled to Prevailing Market Rates.

As discussed above, upon a showing of bad faith, Plaintiffs are entitled to

fees at the prevailing market rate. The rates provided in Appendix B of this Court's

Local Rules, last amended on December 1, 2018 ("Guidelines"), are presumed

reasonable for the market where this court sits, but are not binding.  *See E.E.O.C.*

*v. Freeman*, 126 F.Supp.3d 560, 575 (D. Md. 2015).  These rates are adjusted

upward or downward based on the twelve factors set forth in *Robinson v. Equifax*

*Information Services*, LLC, 560 F.3d 235, 243-44 (4th Cir. 2009) (citing *Barber v.*

*Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir.1978) (adopting twelve factors set

forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974),

abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939,

103 L.Ed.2d 67 (1989)).  *See also N.C. Alliance for Transp. Reform, Inc. v. Dep't*

*of Transp.*, 168 F.Supp.2d 569, 578 (M.D.N.C. 2001)).  In the Fourth Circuit, the

community in which the court sits is the appropriate starting point for selecting the

proper rate, but the complexity and specialized nature of a case may permit extra-

jurisdictional rates when services of like quality are not available in the locality

where the services are rendered and the party choosing the attorney from elsewhere

act reasonably in making that choice.  *See National Wildlife Federation v. Hanson*,

859 F.2d 313, 317 (4th Cir. 1988); *see also Aventis CropScience, N.V. v. Pioneer*

*Hi-Bred Int'l, Inc.*, 2010 WL 2306677 at *5 (holding that using national counsel

who have "familiarity with the client and the issues involved in the litigation,

[allow for] greater overall efficiency" permitting higher fees).

This case presented specialized knowledge of how a decennial Census is conducted and how the citizenship question impacts Latino and non-citizen communities.  Both MALDEF and Advancing Justice-AAJC have experience with voting rights litigation, the Census Bureau, Census Bureau operations, and Census Bureau career experts, as both sit on the Census Bureau National Advisory Committee.  Moreover, Plaintiffs' counsel have deep and relevant knowledge of these communities that bears directly on their representation of Plaintiffs. Here, attorneys are two national civil rights organizations who have worked with many of the plaintiffs before and are trusted within the Latino and Asian American communities.  This trust is evidenced by the breadth and number of plaintiffs in this case.  As such, counsel are entitled to the prevailing rates where they are based.

## III.   Plaintiffs Are Also Entitled to Fees Under 28 U.S.C. § 2412(d)

### A.   Defendants' Position was not Substantially Justified.

Should this court determine that defendants' conduct did not rise to the level of bad faith that justifies the imposition of market rates pursuant to 28 U.S.C. § 2412 (b), that same conduct is, at a minimum, not substantially justified as required by 28 U.S.C. § 2412 (d), under which a fees award to a prevailing party is not discretionary but rates are capped, "The award of attorneys' fees to a prevailing party . . . is mandatory unless the government can demonstrate that its position was

substantially justified, . . . or that special circumstances make an award unjust."

*Hyatt v. Barnhart*, 315 F.3d 239, 244 (4th Cir. 2002) (quoting *EEOC v. Clay*

*Printing Co.*, 13 F.3d 813, 815 (4th Cir. 1994)) (internal quotations omitted).   "In

the district court, the government has the burden of showing substantial

justification." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992) (citing

*Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988)).

Substantially justified means there was a "reasonableness in law and fact" in

the government's position. *Pierce v. Underwood*, 487 U.S. 552, 563-4 (1988);

*Hyatt*, 315 F.3d at 245.  The government can only avoid liability if "a reasonable

person could have thought that its litigation position was correct." *Meyer v.*

*Colvin*, 754 F.3d 251, 255 (4th Cir. 2014) (quoting *Pierce*, 487 U.S. at 566 n.2).

The court looks to the entirety of the record to assess, "from the totality of the

circumstances, whether the government acted reasonably in causing the litigation

or in taking a stance during the litigation." *Roanoke River Basin Ass'n*, 991 F.2d at

139.  If Defendants cannot prove that both its pre-litigation conduct and its

litigation position were substantially justified then at a minimum, EAJA fees must

be awarded.

In this case, neither the agency action giving rise to the litigation nor the

government's litigation position was substantially justified.  Defendants put

forward a "contrived" and pretextual basis for adding the citizenship question to

the 2020 Census based on a manufactured DOJ letter requesting citizenship data in

order to better enforce Section 2 of the Voting Rights Act.  (see Section II above)

Defendants consistently and vigorously relied on this justification as the sole

reason for the addition of the citizenship question to the Census.  The government

presented this falsity to Congress, to three Federal District Courts, three Courts of

Appeals, and to the U.S. Supreme Court. The Government's contrived defense –

that the addition of the question was to enforce voting rights — fails to meet the

test of reasonableness in law or fact.

This Court found that the VRA rationale was pretextual and that "because

the VRA enforcement rationale did not actually motivate the Secretary's decision,

the Secretary has failed to disclose the basis of his decision in violation of the

APA." *Kravitz*, ECF Dkt. No. 125 at 108.  *See Nken v. Holder*, 385 Fed.Appx. 299,

302 (4th Cir. 2010) (unpublished) (holding that because the agency's actions were

"at odds with clearly established law," the government's position was not

substantially justified).  This Court also found that, "[t]he decision to add a

citizenship question to the 2020 Census ran counter to the evidence before the

agency and was not based on facts, as difference in view, or agency expertise."

*Kravitz*, ECF Dkt. No. 125 at 99 (internal quotations and citations omitted).  The

addition of the citizenship question, purportedly to better enforce the VRA, was

found by this Court, two other district courts, and the Supreme Court to be pretextual.  Defendants' position is far from substantially justified.

The District Court's denial of Plaintiffs' equal protection and conspiracy claims does not support a finding that Defendants' position was substantially justified.  "EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990).  A review of Defendants' position through the entirety of this litigation, and their commitment to pre-textual VRA rationale for the addition of the citizenship question, supported by this Court's findings that the agency action violated federal law demonstrate that the government's position was not "reasonable" and thus not substantially justified.  In any event, as this court found, new evidence raised substantial issues as to Plaintiffs' Fifth Amendment and civil conspiracy claims.  Defendants' position on adding a citizenship question to the 2020 Census was not and cannot be substantially justified, and thus Plaintiffs are entitled to fees under 28 U.S.C. § 2412(d)(1)(A).  In addition, there are no special circumstances in this case that make an award of attorneys' fees inappropriate.[1]

---

[1] If awarded fees under 28 U.S.C. § 2412(d), Plaintiffs are entitled to a cost of living adjustment, as provided for under 28 U.S.C. § 2412(d)(2)(A).

**IV.     The Requested Fees are Reasonable Under EAJA.**

Because the parties are engaged in settlement negotiations and the Court has permitted a skeletal filing for later supplement if necessary, Plaintiffs have not spent the resources needed to provide a detailed analysis and evidence of the fees incurred in this case.  However, Plaintiffs hereby make a preliminary request for fees in the amount of $4,793,860.42 pursuant to 28 U.S.C. § 2412(b), and have included below a brief statement of the actual time expended and the rate at which fees are being computed.  Plaintiffs reserve the right to amend or supplement these amounts if the parties are unable to reach a settlement in this matter.

| Attorney | Year | Total Hours | LSI Rate | Total Fee |
|---|---|---|---|---|
| Eri Andriola | 2016 | 437.3 | $372.00 | $162,675.60 |
| Julia Gomez | 2013 | 663.3 | $435.00 | $288,535.50 |
| Denise Hulett | 1985 | 2541.1 | $894.00 | $2,271,743.40 |
| Burth Lopez | 2006 | 186 | $688.00 | $127,968.00 |
| Terri Ao Minnis | 2002 | 129.5 | $724.00 | $93,758.00 |
| Celina Moreno | 2010 | 64.4 | $590.00 | $37,996.00 |
| Tanya Pellegrini | 2012 | 1000.2 | $455.00 | $455,091.00 |
| Nina Perales | 1991 | 29.3 | $894.00 | $26,194.20 |
| Thomas Saenz | 1991 | 30.5 | $894.00 | $27,267.00 |
| Andrea Senteno | 2013 | 1346.1 | $435.00 | $585,553.50 |
| Niyati Shah | 2005 | 939.66 | $697.00 | $654,943.02 |
| **Paralegal** | | | | |
| Brianna Chapa | | 6.5 | $202 | $1,313.00 |
| Mariana Esquer | | 50.6 | $202 | $10,221.20 |
| Adrian Hernandez | | 202 | $202 | $40,804.00 |
| Andrea Herrera | | 48.5 | $202 | $9,797.00 |
| | | | | |
| **TOTAL** | | | | $4,793,860.42 |

14

Work done by paralegals is also recoverable under the EAJA, and their work is recoverable at the prevailing market rate. *Richlin Sec. Service Co. v. Chertoff*, 533 U.S. 571, 577-78 (2008).  Plaintiffs believe a reasonable market rate for the experienced paralegal in this case is approximately $202 per hour.

At present, Plaintiffs' attorneys and paralegals have worked a total of 7413.16 hours on this case.  If settlement is not achieved, Plaintiffs will submit detailed contemporaneous time records demonstrating that the amount of time expended was reasonable.

Finally, Plaintiffs are entitled to $129,659.10 in statutory costs and compensable expenses reasonably expended in the successful prosecution of this case.

## V.     Conclusion

The record in this case demonstrates that the *LUPE* Plaintiffs are prevailing parties and should be awarded attorneys' fees pursuant to 42 U.S.C. § 2412(b).  The government's position was not only unjustified, but their insistence upon proffering a wholly contrived reason for their actions in adding the citizenship question, a contrivance recognized by the courts in the *New York* cases, the *California* cases, these consolidated cases, and by the U.S. Supreme Court, as well as the government's abrupt reversal of position and substitution of all attorneys without explanation, constitutes a showing of bad faith entitling Plaintiffs

15

to prevailing market rates in their home jurisdiction of Washington D.C., or at a

minimum, the rates reflected in Appendix B to this Court's local rules.

For the reasons set forth in this motion, and in any supplement to it, the

award should be in the amount requested for work done on the case to date, plus

compensation for any time spent preparing a supplement to this motion or a reply

brief if this motion is ultimately litigated and opposed by Defendants.

Dated: August 15, 2019                    /s/ Andrea Senteno
                                          **MEXICAN AMERICAN LEGAL**
                                          **DEFENSE AND EDUCATIONAL FUND**
                                          Thomas A. Saenz (CA Bar No. 159430 )
                                          Nina Perales (TX Bar No. 24005046)
                                          Denise Hulett (CA Bar No. 121553)
                                          Andrea Senteno (NY Bar No. 5285341)
                                          Tanya G. Pellegrini (CA Bar No. 285186)
                                          Julia Gomez (CA Bar No. 316270)
                                          1016 16th Street NW, Suite 100
                                          Washington, DC 20036
                                          Phone: (202) 293-2828
                                          Facsimile: (202) 293-2849

                                          **ASIAN AMERICANS ADVANCING**
                                          **JUSTICE | AAJC**
                                          John C. Yang (IL Bar No. 6210478)
                                          Niyati Shah° (NJ Bar No. 026622005)
                                          Terry Ao Minnis (MD Bar No. 0212170024)
                                          1620 L Street, NW, Suite 1050
                                          Washington, DC 20036
                                          Phone: (202) 815-1098
                                          Facsimile: (202) 296-2318
                                          *° Admitted in New Jersey and New York*
                                          *only.*
                                          *DC practice limited to federal courts.*

                                          *Counsel for Plaintiffs*

16

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2019, the foregoing SKELETAL MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT was served on all parties or their counsel of record through the CM/ECF system if they are registered users.

Date: August 15, 2019

/s/ Andrea Senteno
Andrea Senteno
**MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND**
1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
asenteno@maldef.org
*Counsel for Plaintiffs*